Robert A. LAWRENCE,
Plaintiff–Appellant,

v.

Glenn S. GOORD, Commissioner, Donald Selsky, Special Housing Director, Susan Laguna, Central Office Review Committee Assistant Director, Ernest Edwards, Superintendent at Otisville Correctional Facility, D.S.S. Ronald Krom, D.S.A. Gloria Meus, Lieutenant Bullock, Lieutenant Digerlando, Lieutenant Eissing, Gary Ter Bush, Grievance Coordinator, Correction Officer James A. Kimble, Correction Officer Gary D. Bensley, Defendants–Appellees.

No. 99–0202.

United States Court of Appeals,
Second Circuit.

Submitted Sept. 20, 2000.

Decided Jan. 17, 2001.

Robert A. Lawrence, Beacon, NY, pro se.

Eliot Spitzer, Attorney General of the State of the New York (Robert Forte, Deputy Solicitor General, Hillary A. Tennant, Assistant Attorney General, of counsel) for Defendants–Appellees.

Before JOHN M. WALKER, Jr., Chief Judge, MINER, and POOLER, Circuit Judges.

PER CURIAM:

Robert A. Lawrence, *pro se,* sued a number of corrections officers and other prison officials pursuant to 42 U.S.C. §§ 1983, 1985 and 1986. He alleged defendants violated his constitutional rights by issuing a series of misbehavior tickets in retaliation for his complaints to prison authorities regarding defendants' conduct. However, Lawrence did not file a grievance with prison officials regarding the retaliatory conduct. The district court dismissed Lawrence's complaint for failure to exhaust his administrative remedies as required by 42 U.S.C. § 1997e(a). Because we conclude the exhaustion requirement does not apply to cases alleging individualized retaliation, we reverse the decision of the district court.

## BACKGROUND

At all times relevant, Lawrence was an inmate at Otisville State Penitentiary. Lawrence alleges defendant Corrections Officer James A. Kimble issued him a series of unwarranted misbehavior reports in retaliation for Lawrence complaining to prison authorities about alleged misconduct by Kimble. As the district court dismissed on the pleadings, we take as true all the allegations in the complaint and draw all reasonable inferences in plaintiff's favor. *See Nussle v. Willette,* 224 F.3d 95, 97 (2d Cir.2000) *petition for cert. filed,* 69 U.S.L.W. (Nov. 22, 2000). This presumption guides our recitation of the facts.

The first incident at issue occurred August 21, 1997, when Kimble issued plaintiff a misbehavior ticket without cause. That ticket was subsequently dismissed. A few days later, Kimble approached plaintiff and said, "So, you beat that ticket, but you won't win the next one." Lawrence then sent a letter of complaint to Superintendent Ernest Edwards, accusing Kimble of falsifying records, issuing unwarranted misbehavior tickets and harassment.

On August 25, 1997, Lawrence then received another unwarranted misbehavior ticket from Kimble. At the disciplinary hearing regarding that ticket, Lawrence asked Kimble about the threatening remark, which Kimble denied making. Kimble gave Lawrence another ticket after the

hearing for lying about Kimble making the remark, although that ticket was subsequently dismissed.

Then, on September 10, 1997, Kimble issued Lawrence another ticket for claiming Kimble had threatened him. The ticket was dated several days before Lawrence received it. Lawrence attributes the delay to Kimble and other defendants conspiring to find grounds for issuing the ticket. That ticket eventually became the subject of an Article 78 hearing and was expunged. Lawrence also alleges defendant Ter Bush, the prison's grievance coordinator, and Ernest Edwards, the prison superintendent, retaliated against him for complaining about their failure to comply with the prison's grievance policies by ticketing him for a variety of alleged misdeeds.

In his lawsuit, Lawrence charged defendants with depriving him of his right to due process; with violating his Eighth Amendment right to be free from cruel and unusual punishment; and with preventing him from exercising his First Amendment right to complain about his mistreatment. He sought declaratory and injunctive relief, as well as compensatory and punitive damages. Defendants moved to dismiss pursuant to Fed.R.Civ.P. 12(b)(6). Defendants argued plaintiff failed to exhaust his administrative remedies; failure to state a claim for which relief could be granted; and that defendants were shielded from liability by the Eleventh Amendment and qualified immunity.

The district court dismissed Lawrence's complaint. It found the Prison Litigation Reform Act of 1995 ("PLRA") mandated inmates could not bring an action pursuant to 42 U.S.C. § 1983 until all administrative remedies were exhausted. *See* 42 U.S.C. § 1997e(a). The district court held that state regulations permitted inmates to file grievances regarding retaliatory actions, and Lawrence filed no such grievance, thus he failed to exhaust his administrative remedies. This appeal followed.

## DISCUSSION

■■■ We review *de novo* a district court order dismissing a case for failure to exhaust administrative remedies. *See Nussle*, 224 F.3d at 97. The dismissal shall be vacated "unless it appears beyond doubt that the plaintiff can prove no set of facts" in support of his claim. *Id.* (quoting *SEC v. U.S. Envtl., Inc.*, 155 F.3d 107, 110 (2d Cir.1998)) (alteration in the original).

### 1. Exhaustion of remedies requirement of 42 U.S.C. § 1997(e)

The PLRA amended 42 U.S.C. § 1997e(a) [1] to read in pertinent part:

No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a) (Supp.2000).

■■■ We first examine whether Lawrence had administrative remedies available. New York State Department of Corrections regulations allow an inmate to file grievances regarding "a complaint about the substance or application of any written or unwritten policy, regulation, procedure or rule" of the Department of Corrections,

---

1. Prior to the PLRA, § 1997e(a) provided in pertinent part:

(1) [I]n any action brought pursuant to section 1983 of this title by an adult convicted of a crime confined in any jail, prison, or other correctional facility, the court shall, if the court believes that such a requirement would be appropriate and in the interests of justice, continue such case for a period of not to exceed 180 days in order to require exhaus-

tion of such plain, speedy, and effective administrative remedies as are available.

(2) The exhaustion of administrative remedies under paragraph (1) may not be required unless the Attorney General has certified or the court has determined that such administrative remedies are in substantial compliance with the minimum acceptable standards promulgated under subsection (b) of this section or are otherwise fair and effective.

as well as for "[a]llegations of employee misconduct meant to annoy, intimidate or harm an inmate." N.Y. Comp.Codes R. & Regs. tit. 7; § 701.2(a), (e); *see also* N.Y. Comp.Codes R. & Regs. §§ 701 .7; 701.11 tit. 7. Lawrence thus had avenues available for filing a grievance. As he filed no grievance, the district court correctly determined Lawrence failed to exhaust his administrative remedies. We turn then to the issue of whether Lawrence is required to exhaust those administrative remedies before bringing his § 1983 action.

■ Exhaustion of administrative remedies before filing an action pursuant to 42 U.S.C. § 1983 is necessary only when specifically required by Congress. *See Heck v. Humphrey,* 512 U.S. 477, 480, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994); *Patsy v. Bd. of Regents,* 457 U.S. 496, 508, 102 S.Ct. 2557, 73 L.Ed.2d 172 (1982); *Doe v. Pfrommer,* 148 F.3d 73, 78 (2d Cir.1998). Congress made such a provision in § 1997e(a), which requires the exhaustion of administrative remedies only when the underlying § 1983 action is "brought with respect to prison conditions." 42 U.S.C. § 1997e(a). The PLRA, enacted in 1996, tightened § 1997e(a)'s exhaustion requirement in several respects. *See Nussle,* 224 F.3d at 98–99. First, the PLRA extended the exhaustion requirement beyond § 1983 actions to all claims brought under federal law regarding prison conditions. *See id.* Second, the PLRA made exhaustion mandatory, rather than discretionary. *See id.* at 99. Third, the effectiveness of the available administrative remedy is no longer a consideration for requiring exhaustion. *See id.* Finally, the PLRA limited the scope of the exhaustion requirement to federal actions "brought with respect to prison conditions." 42 U.S.C. § 1997e(a).

■ We turn then to an issue of first impression—whether individualized retaliatory actions against an inmate are "prison conditions" within the meaning of § 1997e(a). The term "prison conditions" is not defined in § 1997e, but this Circuit recently examined its meaning in *Nussle v.*

*Willette.* See *Nussle,* 224 F.3d at 101. *Nussle* teaches the phrase "prison conditions" in § 1997e(a) does not include particularized instances of excessive force directed at an inmate. *See id.* at 106. We extend the reasoning of *Nussle* in holding "prison conditions" also does not include particularized instances of retaliatory conduct directed against an inmate.

"Prison conditions" is not defined in § 1997e(a). We begin our analysis by looking first to the plain language of the statute. *See Greenery Rehabilitation Group, Inc. v. Hammon,* 150 F.3d 226, 231 (2d Cir.1998). The plain language of "prison conditions" suggests those aspects of prison life affecting the entire prison population, such as the food, medical care, recreational facilities and the like. *See, e.g., Carter v. Kiernan,* No. 98 Civ. 2664, 1999 WL 14014, at *3 (S.D.N.Y. Jan.14, 1999) ("The plain meaning of the term in the absence of any contrary definition would refer to the conditions of prison life—such as the provision of food, shelter, and medical care in prison."); *Booth v. Churner,* 206 F.3d 289, 300 (3d Cir.2000) (" 'Conditions' are circumstances affecting everyone in the area affected by them.") (Noonan, J., concurring and dissenting) *cert. granted,* —— U.S. ——, 121 S.Ct. 377, 148 L.Ed.2d 291 (2000). *Nussle* reached the same conclusion, finding the plain language of the statute indicated "prison conditions" referred to "circumstances affecting everyone in the area affected by them, rather than single or momentary matter[s], such as beatings or assaults, that are directed at particular individuals." *Nussle,* 224 F.3d at 101 (internal quotations marks omitted).

*Nussle* read § 1997e(a) *in pari materia* with another section of the PLRA, 18 U.S.C. § 3626(g)(2), and we adopt its rationale here. *See Nussle,* 224 F.3d at 101–03. In § 3626(g)(2), Congress defined the phrase, "civil action with respect to prison conditions" to mean "any civil proceeding arising under Federal law with respect to the conditions of confinement or the effects

of actions by government officials on the lives of persons confined in prisons." 18 U.S.C. § 3626(g)(2). *Nussle* concluded "conditions of confinement" as referenced in § 3626(g)(2) was "no more apt" to include particularized instances of assault or excessive force than the "prison conditions" of § 1997e(a). *Nussle*, 224 F.3d at 102 (quoting *Booth*, 206 F.3d at 301) (Noonan, J., concurring and dissenting). *Nussle* also found particular instances of excessive force did not constitute "actions by government officials," and that the term "government officials" referred only to administrative and policymaking officials, not prison employees with no policymaking authority. *Id.* at 102–05. In *Nussle* "we distinguish[ed] between 'excessive force' and 'prison conditions' claims for purposes of exhaustion under § 1997e(a) and conclude[d] that exhaustion of administrative remedies is not required for claims of assault or excessive force brought under § 1983." *Nussle*, 224 F.3d at 106.

The facts here are analogous to *Nussle*. There, the court was faced with particularized instances of force, while in the instant matter we are faced with particularized instances of retaliatory conduct. The underlying principles requiring exhaustion— giving notice to administrators and. allowing policy makers to change their behavior—are not served when a practice is aimed at one specific inmate rather than the prison population as a whole. *See Nussle*, 224 F.3d at 106 (finding no reason to extend the exhaustion requirement to cases "that do not contemplate ongoing judicial supervision or some other form of 'prospective relief' "). Eighth Amendment principles also support distinguishing between claims of individualized abuse and conditions of confinement. *See, e.g., Hudson v. McMillian*, 503 U.S. 1, 9, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992); *see also Nussle*, 224 F.3d at 106. Therefore, as neither the text of the statute nor the policies supporting it suggest otherwise, we hold inmates need not exhaust their administrative remedies before bringing suit for particularized instances of retaliation.

## CONCLUSION

We hold Lawrence need not exhaust his administrative remedies before bringing this action for particular, individualized instances of retaliation under 42 U.S.C. § 1983. We thus vacate the judgment of the district court and remand for reinstatement of Lawrence's complaint. The district court did not pass on any of defendants' alternative arguments for dismissal. Accordingly, we offer no opinion as to the merits of those alternative defenses.