255 F.3d 40 (2nd Cir. 2001)
 MARK MARVIN, Plaintiff-Appellant,
v.
GLENN GOORD, Commissioner of New York State Department of Correctional Services, ANTHONY ANNUCCI, Deputy Commissioner and Counsel, BRIAN D. TRAVIS, Chairman, Board of Parole & VICTOR HERBERT, Superintendent of Collins Correctional Facility, Defendants-Appellees.
 Docket Nos. 99-0279(L), 99-0325
August Term, 2000
 UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT
 Argued: May 14, 2001
Decided: June 19, 2001
 
 Plaintiff, pro se and incarcerated, appeals from a judgment of the United States District Court for the Western District of New York (Elfvin, J.) dismissing two of plaintiff's claims on the merits and dismissing his remaining claims for failure to exhaust his administrative remedies as required by 42 U.S.C. § 1997e. Plaintiff also appeals from orders of the district court denying preliminary injunctive relief and reconsideration of the judgment. We vacate the district court's denial of preliminary injunctive relief and vacate in part the court's dismissal of plaintiff's claims and remand for further proceedings with respect to these portions of the action. We affirm the district court's dismissal of plaintiff's other claims and its denial of plaintiff's motion for reconsideration.
 Vacated and remanded in part and affirmed in part.
 MARK MARVIN, pro se, Warwick, NY.
 Before: OAKES, VAN GRAAFEILAND, and SOTOMAYOR, Circuit Judges.
 PER CURIAM:
 
 
 1
 Plaintiff Mark Marvin ("Marvin"), pro se and incarcerated, filed this action pursuant to 42 U.S.C.§1983, alleging that: (1) he was denied access to the courts because his legal mail was seized and because he was prohibited from sending any mail to his attorney for a 23 month period ("first claim"); (2) the New York State Board of Parole ("Board") violated the ex post facto and due process clauses of the Constitution by denying his applications for work release and parole based on the Board's classification of the crime for which he was convicted as "serious" ("second claim"); (3) employees of the New York State Department of Correctional Services ("DOCS") violated his right to a legal remedy in court by refusing to release to him correspondence sent by his common law wife to DOCS employees ("third claim"); (4) a directive promulgated by DOCS employees abridged his First Amendment right to freedom of religion ("fourth claim"); and (5) employees of DOCS were deliberately indifferent to his serious medical needs by not permitting, even at his own expense, a dentist to perform a root canal to treat an oral infection ("fifth claim"). Marvin also moved the district court for a preliminary injunction directing DOCS to permit the root canal.
 
 
 2
 The United States District Court for the Western District (Elfvin, J.) denied his motion for preliminary injunctive relief and subsequently entered judgment sua sponte dismissing, pursuant to 28 U.S.C. §§ 1915(e) and 1915A, Marvin's second and third claims on the merits and the remaining claims on the ground that Marvin had failed to exhaust his administrative remedies as required by 42 U.S.C. § 1997e. The district court also denied Marvin's motion for reconsideration of the judgment. Marvin appeals from the judgment and the orders denying preliminary injunctive relief and reconsideration of the judgment.[1]
 
 DISCUSSION
 
 3
 We review de novo a dismissal made pursuant to 28 U.S.C. § 1915A or § 1915(e). See Giano v. Goord, 250 F.3d 146, 149-50 (2d Cir. May 16, 2001); Liner v. Goord, 196 F.3d 132, 134 (2d Cir. 1999).
 
 I. Claims Dismissed for Failure to Exhaust
 
 4
 In 1996, Congress passed the Prison Litigation Reform Act ("PLRA"), which amended 42 U.S.C. § 1997e to require prisoners to exhaust administrative remedies before filing a federal action "brought with respect to prison conditions." 42 U.S.C. § 1997e. Congress did not define "prison conditions," but since the entry of the district court's orders, this Court has clarified to some extent the meaning and application of the term.
 
 
 5
 In Nussle v. Willette, 224 F.3d 95, 106 (2d Cir. 2000), we held that claims alleging assault or use of excessive force on the part of correctional officials are not claims that are brought with respect to prison conditions, and thus are not subject to the statutory exhaustion requirement. In so holding, we noted that "'prison conditions' in § 1997e(a) would appear to refer to circumstances affecting everyone in the area affected by them, rather than single momentary matters, such as beatings or assaults, that are directed at particular individuals." Id. at 101 (internal quotation marks and alternations omitted). In Lawrence v. Goord, 238 F.3d 182, 185 (2d Cir. 2001), we held that claims alleging particularized instances of retaliatory conduct directed against an inmate are not brought with respect to prison conditions. We noted that "[t]he underlying principles requiring exhaustion - giving notice to administrators and allowing policymakers to change their behavior - are not served when a practice is aimed at one specific inmate rather than the prison population as a whole." Id. at 186. These two opinions make it clear that a prisoner is required to exhaust administrative remedies pursuant to § 1997e(a) only if the challenged conduct on the part of correctional employees was conduct which was either clearly mandated by a prison policy or undertaken pursuant to a systemic practice.[2] See Giano, 250 F.3d at 149-50.
 
 
 6
 Because the district court acted without benefit of these decisions when it dismissed Marvin's first, fourth, and fifth claims for failure to exhaust, we vacate the district court's judgment and orders to the extent that they dismissed these claims and denied preliminary injunctive relief for failure to exhaust. We remand the action to the district court to effect service of the complaint, secure briefing, and render a determination as to which, if any, of Marvin's claims are subject to the exhaustion requirement. In making this determination, the district court should not only re-examine its dismissal of Marvin's claims for failure to exhaust in light of Nussle and Lawrence but also should consider (a) whether the DOCS grievance procedure could have afforded Marvin some redress for the claims for which he now seeks monetary relief in the district court, see Booth v. Churner, - U.S. -, 121 S. Ct. 1819, 1822-25 (2001) (holding that, if a prison administrative procedure has authority to take some action in response to an inmate's grievance, the PLRA requires exhaustion of a claim for monetary damages even if monetary damages are not available in administrative proceeding), and (b) whether, in the context of Marvin's request for preliminary injunctive relief, exhaustion under the PLRA is required when the remedy sought, i.e., urgent medical relief, is available in the prison administrative proceedings but, because of exigencies of the situation, the remedy may be ineffective, see, e.g., Howell v. I.N.S., 72 F.3d 288, 291 (2d Cir. 1995) (noting that, under general principles of exhaustion, exhaustion may not be required where, inter alia, the available remedy provides no genuine opportunity for relief or irreparable injury may occur without immediate judicial relief); but see Booth, 121 S. Ct. at 1825 n.6 (stating that "we will not read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise").[3]
 
 
 7
 Accordingly, we vacate and remand the district court's denial of preliminary injunctive relief and its dismissal of plaintiff's first, fourth, and fifth claims for failure to exhaust.
 
 III. Claims Dismissed on the Merits
 
 8
 The district court dismissed Marvin's second and third claims on the merits. We affirm the dismissal of Marvin's third claim - that DOCS acted improperly by refusing to release to him correspondence sent by his common law wife to DOCS employees - for the reasons stated by the district court.
 
 
 9
 As to Marvin's second claim, which challenges the denials of his applications for work release and parole, we disagree with the district court's determination that such challenges are cognizable only in habeas proceedings. See, e.g., Garner v. Jones, 529 U.S. 244 (2000) (denying ex post facto challenge to state parole regulations, brought under 42 U.S.C. § 1983, on merits); Barna v. Travis, 239 F.3d 169 (denying due process and ex post facto challenge to parole denial, brought pursuant to § 1983, on merits); Friedl v. City of New York, 210 F.3d 79, 84 (2d Cir. 2000) (holding that plaintiff's challenge to the revocation of his participation in a work release program constituted a cognizable claim under § 1983 for a violation of his due process rights).
 
 
 10
 We nevertheless affirm the district court's dismissal of Marvin's second claim as it relates to his due process challenge to the denials of his parole applications on the ground that the New York State parole scheme does not create a protectable liberty interest. See Barna, 239 F.3d at 170-71. However, we vacate the district court's dismissal of Marvin's second claim as it relates to Marvin's ex post facto challenge to the denials of his parole applications and his due process challenge to the denial of his work release application. This Court has not settled whether Heck v. Humphrey, 512 U.S. 477 (1994), as extended by Edwards v. Balisok, 520 U.S. 641, 644-48 (1997), bars a prisoner's § 1983 suit for monetary and declaratory relief which raises an ex post facto challenge to a denial of a parole application. Nor has this Court settled whether a prisoner incarcerated in New York has a protectable liberty interest in participating in a work release program. Compare Friedl, 210 F.3d at 84-85 (New York prisoner has protectable interest in remaining in work release program in which he has already participated) with Romer v. Morgenthau, 119 F. Supp.2d 346, 358-59 (S.D.N.Y. 2000) (New York work release scheme does not create protectable liberty interest in admittance to work release program). Accordingly, we remand to the district court to secure briefing on these issues and determine whether Marvin's suit may go forward on these portions of his second claim.
 
 
 11
 Finally, we find that the district court did not abuse its discretion in denying reconsideration of the judgment to the extent that the judgment dismissed Marvin's second claim as it related to his due process challenge to the parole denials and his third claim that DOCS improperly refused to release his common law wife's correspondence. See Transaero, Inc. v. La Fuerza Aerea Boliviana, 162 F.3d 724, 729 (2d Cir. 1998) (reviewing denial of reconsideration for abuse of discretion). In light of our decision to vacate the district court's judgment with respect to all other claims, the remainder of Marvin's appeal from the order denying reconsideration is moot.
 
 CONCLUSION
 
 12
 For these reasons, we vacate the district court's denial of preliminary injunctive relief and its dismissal of plaintiff's first, fourth and fifth claims and of plaintiff's second claim as it relates to his the ex post facto challenge to the denials of his parole applications and his due process challenge to the denial of his work release application. We remand for further proceedings with respect to these portions of the action. We affirm the district court's dismissal of plaintiff's other claims and its denial of plaintiff's motion for reconsideration.
 
 
 
 NOTES:
 
 
 [1]
 We note that Marvin's appeal of from the judgment, docketed as No. 99-0295, is in administrative default. However, we liberally construe Marvin's related October 26, 1999 notice of appeal, docketed as No. 99-0325, as a timely appeal of both the judgment and the denial of reconsideration. Although the notice of appeal identifies the reconsideration order as the order from which Marvin was appealing, it is clear that Marvin intended to appeal the district court's prior dismissal of his claims. See Marmolejo v. United States, 196 F.3d 177, 178 (2d Cir. 1999) (noting that this Court construes the papers of pro se litigants liberally and that evinced intent to appeal order or judgment is sufficient).
 
 
 [2]
 We do not reach the question of whether exhaustion is required if the challenged conduct is undertaken pursuant to a prison policy which vests discretion in correctional employees to act or not act, e.g., a policy providing that an employee should perform some act if it is "reasonably" warranted by the circumstances.
 
 
 [3]
 We note that if the district court finds on remand that Marvin was required to have exhausted his first claim, it appears on the record before us that Marvin has likely exhausted the claim, to the extent that the claim seeks redress only for the seizure of legal mail and the ensuing prohibition on correspondence with his attorney. Marvin's submissions indicate that he succeeded in overturning the prohibition informally by complaining to various correctional officers. Resolution of the matter through informal channels satisfies the exhaustion requirement, as, under the administrative scheme applicable to New York prisoners, grieving through informal channels is an available remedy. See 7 N.Y.C.R.R. § 701.1 (stating that "the inmate grievance program (IGP) is intended to supplement, not replace, existing formal or informal channels of problem resolution").