**Rufus GIBSON, Plaintiff–Appellant,**

v.

**Glenn S. GOORD, Acting Commissioner of NYS Docs; Phillip Coombe, Jr., former Commissioner of Docs; David H. Miller, Superintendent, Eastern New York Correctional Facility; R.J. Cunningham, Deputy Superintendent, ENYCF; Dr. Milicevic, Physician at ENYCF; T.J Lucas, Sergeant at ENYCF, Defendants–Appellees.**

**James Hanton, Plaintiff–Appellant,**

v.

**B. Grotta, Warden, I/O, Bridgeport Correctional Center, Med. Dept., O/, Jerome Tung, Dr., I/O and D. Welch, RN/ACHN, I/O, Defendants–Appellees.**

**Docket Nos. 99–0324, 00–0073.**

United States Court of Appeals, Second Circuit.

Submitted Dec. 3 and 4, 2001.

Decided Feb. 8, 2002.

Rufus Gibson, pro se, Bare Hill Correctional Facility, Malone, NY.

James Hanton, pro se, Cheshire Correctional Institute, Cheshire, CT.

Eliot Spitzer, NY, State Atty. General, Nancy A. Spiegel, Martin A. Hotvet, Asst. Solicitors General, Albany, NY, on the brief, for Defendants–Appellees Goord, et al.

Richard Blumenthal, Atty. General, Steven R. Strom, Asst. Atty. General, Hartford, CT, on the brief, for Defendants–Appellees Grotta, et al.

Before: WALKER, Chief Judge, JON O. NEWMAN, and PARKER, Circuit Judges.

JON O. NEWMAN, *Circuit Judge.*

These two appeals in unrelated cases involving prisoner suits brought under 42 U.S.C. § 1983 both present primarily the issue of whether the complaints were properly dismissed pursuant to 42 U.S.C. § 1997(e) for lack of exhaustion of administrative remedies. The issue arises on an appeal by James Hanton from the February 15, 2000, judgment of the District Court for the District of Connecticut (William I. Garfinkel, Magistrate Judge) and an appeal by Rufus Gibson from the September 29, 1999, judgment of the District Court for the Northern District of New York (Lawrence E. Kahn, District Judge). We conclude that the matters complained of—an accumulation of water in Hanton's cell and Gibson's exposure to second-hand smoke—are both examples of "prison conditions" for which section 1997(e) requires exhaustion of administrative remedies. We therefore affirm both judgments.

### Background

*Hanton v. Grotta.* In his Complaint, Hanton alleged (a) that he injured his back

when he fell from his bunk, (b) that he was reassigned to a cell that had water on the floor, (c) that he fell again as a result of the water and injured his neck, and (d) that he received inadequate medical care for his injuries. The parties consented to trial before a magistrate judge. After considerable motion practice, Magistrate Judge Garfinkel granted the Defendants' motion for summary judgment on the grounds that Hanton's claim concerning inadequate medical treatment was barred by *res judicata* and collateral estoppel arising from prior State Court litigation; his claim concerning his injuries involved, at most, negligence and did not involve any constitutional violation; and his claim concerning water in his cell was a "prison conditions" claim that required exhaustion of administrative remedies. This third claim was dismissed without prejudice to renewal after exhaustion. Hanton had complained of the cell condition in a "level one grievance" sent to the Bridgeport Correctional Facility, which elicited no response. However, he had not pursued the available remedy of filing a "level two grievance," which is available when there is no response to a "level one grievance." *See* Conn. Dept. of Corrections Admin. Directive 9.6(16), *available at* http://www.doc.state.ct.us/ad/ch9/ad9-6.pdf.

*Gibson v. Goord.* In his Complaint, Gibson alleged that he had been exposed to environmental tobacco smoke, more commonly called "second-hand smoke." He specifically alleged that he suffered from asthma and that his condition was aggravated when for 60 days after his incarceration in August 1996 he was forced to share cells with inmates who smoked. The Defendants' affidavits, presented in support of their motion for summary judgment,

established that Gibson made no administrative complaint until October 11, 1996, and that his grievance was resolved four days later when Gibson was moved, first to another cell, and then to a single cell.

## Discussion

Our Court has decided a number of cases in which prison administrators have sought dismissal of prisoners' claims for lack of exhaustion of administrative remedies, as required by 42 U.S.C. § 1997(e), for complaints concerning "prison conditions." *See Neal v. Goord,* 267 F.3d 116 (2d Cir.2001); *Marvin v. Goord,* 255 F.3d 40 (2d Cir.2001); *Giano v. Goord,* 250 F.3d 146 (2d Cir.2001); *Lawrence v. Goord,* 238 F.3d 182 (2d Cir.2001); *Nussle v. Willette,* 224 F.3d 95 (2d Cir.2000), *cert. granted sub nom. Porter v. Nussle,* 532 U.S. 1065, 121 S.Ct. 2213, 150 L.Ed.2d 207 (2001). Our holdings have clarified several aspects of the meaning of "prison conditions" for purposes of the exhaustion requirements. For example, we have ruled that "prison conditions" were at issue (and hence exhaustion was required) for claims involving inadequate medical care, *Neal,* 267 F.3d at 120–21, or procedures for handling urine samples, *Giano,* 250 F.3d at 150–51, but were not at issue for claims involving retaliation against a prisoner, *Lawrence,* 238 F.3d at 185, or assault or excessive force by corrections officers, *Nussle,* 224 F.3d at 106. We have also remanded for reconsideration in light of *Nussle* and *Lawrence* the dismissal, for lack of exhaustion, of claims concerning seizure of a prisoner's legal mail, abridgment of right to freedom of religion, and denial of right to treatment by a privately-retained dentist. *Marvin,* 255 F.3d at 41–43 (claims 1, 4, and 5).[1]

---

1. Additionally, we noted in *Jenkins v. Haubert,* 179 F.3d 19 (2d Cir.1999), that a claim concerning lack of procedural due process in a prison disciplinary hearing might encounter a valid defense of failure to exhaust administrative remedies. *Id.* at 28–29.

Although these holdings appear to be consistent, some of the statements made in our opinions can be considered to be somewhat at variance. For example, we have said that the phrase "prison conditions" means " 'circumstances affecting everyone in the area affected by them,' " *Nussle*, 224 F.3d at 101 (quoting *Booth v. Churner*, 206 F.3d 289, 301 (3d Cir.2000) (Noonan, J., concurring and dissenting)), and, more narrowly, that the phrase "suggests those aspects of prison life affecting the entire prison population," *Lawrence*, 238 F.3d at 185. However, *Lawrence* might not have meant to limit "prison conditions" to prisonwide circumstances, a point implied by *Giano*'s statement that the phrase "encompasses" prisonwide circumstances, *Giano*, 250 F.3d at 150. A narrower scope for "prison conditions" is reflected in our statement that exhaustion is required "when the action affecting the prisoner was dictated by prison policy or reflected a facility-wide practice affecting the entire inmate population," *Neal*, 267 F.3d at 119. And an even narrower view was expressed in our statement that exhaustion is required "*only* if the challenged conduct on the part of correctional employees was conduct which was either clearly mandated by a prison policy or undertaken pursuant to a systemic practice," *Marvin*, 255 F.3d at 42–43 (footnote and citation omitted) (emphasis added).

■■■■ We think it ill-advised to attempt an interpretation of "prison conditions" that will readily be applicable to the myriad of circumstances on which prisoners base their section 1983 lawsuits. If the challenged circumstances affect "everyone in the area affected by them," *Nussle*, 224 F.3d at 101 (internal quotation marks omitted) or affect "the entire prison popu-

lation," *Lawrence*, 238 F.3d at 185, it is highly likely that they are the sort of "prison conditions" requiring exhaustion, and this will usually also be true of circumstances "dictated by prison policy," *Neal*, 267 F.3d at 119.[2] Even if a single prisoner is subject to such conditions, unless the plaintiff alleges that "the kind of responses he received ... were different or more particularized than the responses generally received by other prisoners," the plaintiff must exhaust administrative remedies. *Id.* at 121. In the two pending cases, we have no doubt that the accumulation of water on the floor of a prison cell and exposure to second-hand smoke are "prison conditions" for which exhaustion of administrative remedies is required before a lawsuit may be filed.

We have considered all the other aspects of the appeals and conclude that in both cases, the remaining contentions were properly rejected for the reasons stated by the respective judicial officers.

### Conclusion

The judgments in both cases are affirmed.

---

**2.** We think the word "only" in the *Marvin* formulation ("only if the challenged conduct ... was ... mandated by a prison policy

....") narrows the "prison conditions" standard unduly, a conclusion we have reached in consultation with the *Marvin* panel.