**Donald GRIFFIN, Plaintiff–Appellant,**

v.

**Glenn S. GOORD, Commissioner, Nys Docs, Donald Selsky, Director, Shu Prog. Docs, K. Gilbert, Security Captain and H.O., and D. Betker, Correction Officer, Defendants–Appellees.**

Docket No. 02–0210.

United States Court of Appeals, Second Circuit.

May 1, 2003.

Donald Griffin, Elmira, New York, for Appellant, pro se.

Present: JACOBS, STRAUB, Circuit Judges, and CARMAN, Chief Judge.[1]

### *SUMMARY ORDER*

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED** that the judgment of the district court be **VACATED** and the case **REMANDED** for further proceedings consistent with this order.

Plaintiff-appellant *pro se* Donald Griffin, a prison inmate, appeals from an order entered in the United States District Court for the Western District of New York (Larimer, *J.*) on July 15, 2002, dismissing his 42 U.S.C. § 1983 action with prejudice. Griffin alleged that prison officials denied him due process during a Tier III disciplinary hearing conducted on the basis of an allegedly flawed urinalysis. The district court granted Griffin permission to proceed *in forma pauperis* and then dismissed all of his claims pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A. The court dismissed the claims against Commissioner Goord on the ground that he had no personal involvement in the alleged deprivation of constitutional rights. The court dismissed Griffin's remaining claims on the ground that a § 1983 action is an improper vehicle for challenging a disciplinary proceeding that affected the duration of his incarceration.[2]

We review *de novo* a district court's dismissal pursuant to 28 U.S.C. § 1915(e) and § 1915A. *See Marvin v. Goord,* 255 F.3d 40, 42 (2d Cir.2001) (per curiam); *Giano v. Goord,* 250 F.3d 146, 149–50 (2d Cir.2001). We vacate and remand.

First, the claims against Commissioner Goord must be reinstated because there is evidence that Commissioner Goord may have been personally involved in Griffin's disciplinary proceeding. The Tier III hearing disposition form advised Griffin that he must "appeal to Commissioner within 30 days." To file his appeal, Griffin used a form furnished by the Department of Corrections, titled "Appeal Form to Commissioner, Superintendent's Hearing." While Donald Selsky signed the form affirming the hearing determination, that affirmance appeared on letterhead that listed both Commissioner Goord and the Deputy Commissioner. Thus, the Department's own documents suggest that Commissioner Goord may have been responsible for considering Griffin's appeal.

Second, the remaining claims must be reinstated because the factual predicate for their dismissal is in doubt. The district court held that Griffin "is limited to raising his due process claim in a direct appeal of the disciplinary hearing determination itself or through a habeas proceeding" because the disciplinary determination recommended, among other things, that Griffin "lose 24 months of good time credits." (Decision & Order, dated July 10, 2002, at 6–7.) As the district court

---

1. Honorable Gregory W. Carman, Chief Judge of the United States Court of International Trade, sitting by designation.

2. The district court dismissed Griffin's complaint *sua sponte* after its preliminary review of the merits. The Attorney General's Office informed this Court that it was never served with the complaint, that it did not appear in the district court, and that it declined to appear in this Court to defend the appeal. (*See* Letters from Deputy Solicitor General Wayne L. Benjamin, dated Mar. 17, 2003 & Dec. 16, 2002; Letter from Assistant Solicitor General Patrick Barnett–Mulligan, dated Aug. 8, 2002.)

correctly observed, a disciplinary proceeding that extends the term of incarceration may not be challenged in a § 1983 action unless it has already been successfully challenged in administrative or habeas proceedings. *See Edwards v. Balisok,* 520 U.S. 641, 648, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997); *Heck v. Humphrey,* 512 U.S. 477, 486–87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). However, "a § 1983 suit by a prisoner ... challenging the validity of a disciplinary or administrative sanction that does *not* affect the overall length of the prisoner's confinement is not barred by *Heck* and *Edwards.*" *Jenkins v. Haubert,* 179 F.3d 19, 27 (2d Cir.1999) (emphasis added). On appeal, Griffin argues that his "good time credits were not actually lost." (Pl.'s Br. at 4.) We would not normally consider an argument made for the first time on appeal, *see Singleton v. Wulff,* 428 U.S. 106, 120, 96 S.Ct. 2868, 49 L.Ed.2d 826 (1976) ("[i]t is the general rule ... that a federal appellate court does not consider an issue not passed upon below"), but the district court dismissed this *pro se* prisoner's complaint *sua sponte* before the parties could join issue or create a record. If the good time credits were not lost, then the disciplinary determination may not have affected the length of Griffin's confinement, and the district court may be able to conduct the due process inquiry established in *Sandin v. Conner,* 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995), and related cases.

In light of these issues, the district court should serve the complaint on the defendants in this action. *See* 28 U.S.C. § 1915(d). The court may also wish to consider appointing counsel for Griffin.

For the reasons set forth above, the judgment of the district court is hereby **VACATED** and the case **REMANDED** for further proceedings consistent with this order.