**Ronald DAVIDSON, Plaintiff–Appellant,**

v.

**R. PEARSON, C. Walters, Edward Donnelly, Defendants–Appellees,**

No. 02–0167.

United States Court of Appeals, Second Circuit.

Aug. 8, 2003.

Ronald Davidson, Elmira, NY, pro se.

Martin Hotvet, Assistant Solicitor General, (Eliot Spitzer, Attorney General, Andrea Oser, Assistant Solicitor General, on the brief), Albany, NY, for Appellees.

Present: WALKER, Chief Judge, CALABRESI, Circuit Judge and

---

3. London concedes that he sees up to 15 patients each of the days he is at the office.

KORMAN,* Chief Judge.

## SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that this matter is hereby **REMANDED** to the district court.

Plaintiff–Appellant Ronald Davidson, *pro se*, appeals from a district court judgment *sua sponte* dismissing his 42 U.S.C. § 1983 complaint pursuant to 42 U.S.C. § 1997e(a). Davidson brought suit against Corrections Officer R. Pearson, Corrections Officer Lieutenant C. Walters and Superintendent Edward Donnelly.

In his complaint, Davidson claimed that the Defendants–Appellees violated his First Amendment rights, as well as his due process and equal protection rights. Specifically, Davidson claimed that: (1) Pearson wrote a false misbehavior report against Davidson and impeded his use of the law library; (2) Walters presided at a disciplinary hearing to address the allegedly false misbehavior report and advised Davidson to "lighten up with the lawsuits and the grievances"; and (3) Davidson spoke with Donnelly and requested that Donnelly investigate the matter, but Donnelly refused. In his complaint, Davidson admitted that he did not present the claims through the prison's grievance procedure, stating that, "misbehavior reports pursuant to the DOCS' 'Tier Hearing' system cannot be grieved. They have their own appeal mechanism. (And since the charges / report were dismissed there was no need to take an appeal)." The district court *sua sponte* dismissed the complaint pursuant to § 1997e(a), finding that Davidson had not exhausted his administrative remedies.

---

* Edward R. Korman, Chief Judge of the Eastern District of New York, sitting by designation.

We review *de novo* a district court's *sua sponte* dismissal of a complaint pursuant to § 1997e. *See Neal v. Goord*, 267 F.3d 116, 119 (2d Cir.2001). We accept all the material allegations of the complaint, and will not affirm a district court's dismissal unless it appears beyond doubt that a plaintiff can present no set of supporting facts that would entitle him to relief. *Thompson v. Carter*, 284 F.3d 411, 416 (2d Cir. 2002). This rule applies with particular force in cases where a plaintiff proceeds *pro se* or alleges civil rights violations. *Id.* When addressing a *pro se* complaint, a district court should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be made. *Id.*

We find that a liberal reading of Davidson's complaint, together with his district court motion for reconsideration, and his arguments on appeal, indicate that he may have attempted to exhaust his administrative remedies. Davidson claims that at a minimum, he: (1) attempted to file a grievance to address his claims of retaliation in connection with the misbehavior report filed by Pearson; (2) attempted to informally make his claim to various prison officials; and (3) wrote a letter to Superintendent Donnelly with respect to the alleged retaliation.

If Davidson attempted to file a grievance by following proper prison procedures but was unable to do so because of a prison official's error or willful refusal, then we think Davidson's attempt to grieve adequately "exhausted" his administrative remedies. Davidson's use of informal channels might also, under New York's corrections scheme, satisfy the exhaustion requirement of § 1997e(a). *See Marvin v. Goord*, 255 F.3d 40, 43 (2d Cir.2001). We

recently ordered appointment of counsel in four pending cases to address whether inmates who did not fully comply with the dictates of the New York statute nonetheless exhausted their claims in other ways. *See Giano v. Goord,* Docket No. 02–0105; *Johnson v. Reno,* Docket No. 02–0145; *Hemphill v. State of New York,* Docket No. 02–0164; *Abney v. Dep't of Corrections,* 02–0241.

Accordingly, we **REMAND** this case to the district court to consider whether Davidson satisfied the exhaustion requirements of § 1997e by means of his (a) informal attempts to exhaust his administrative remedies, or (b) unsuccessful attempt to file a grievance.