**Gilberto Beato DIAZ, Plaintiff–Appellant,**

v.

**Laura VISITACION–LEWIS, et al., Defendants–Appellees.**

**Gilberto Beato Diaz, Plaintiff–Appellant,**

v.

**Salvatore J. Graziano, et al., Defendants–Appellees.**

**Gilberto Beato Diaz, Plaintiff–Appellant,**

v.

**Frank J. Labuda, et al., Defendants–Appellees.**

No. 03–170, 03–318.

United States Court of Appeals, Second Circuit.

March 29, 2004.

Gilberto Beato Diaz, Malone, NY, pro se.

**314**

PRESENT: KATZMANN, WESLEY, Circuit Judges, and POLLACK,* District Judge.

## SUMMARY ORDER

We consider whether the district court erred in dismissing, *sua sponte,* Gilberto Beato Diaz's 42 U.S.C. § 1983 complaints pursuant to 28 U.S.C. § 1915A(b)(1). Familiarity with the facts is assumed.

Gilberto Diaz, *pro se,* appeals from the Judgments entered in the following cases: *Diaz v. Visitacion–Lewis, Diaz v. Graziano,* and *Diaz v. Labuda.* In all three complaints, Diaz set forth multiple conclusory allegations pursuant to 42 U.S.C. §§ 1981, 1982, 1983, and 1985.

This Court reviews *de novo* a district court's *sua sponte* dismissal of a complaint pursuant to 28 U.S.C. § 1915A. *See Marvin v. Goord,* 255 F.3d 40, 42 (2d Cir.2001) (*per curiam* ). Thus, this Court accepts all the material allegations of the complaint, and will not affirm a district court's dismissal unless it appears beyond doubt that a plaintiff can present no set of supporting facts that would entitle him to relief. *See Thompson v. Carter,* 284 F.3d 411, 416 (2d Cir.2002).

The district court correctly concluded that Diaz's §§ 1983 and 1985 claims were properly dismissed as the first complaint, *Diaz v. Visitacion–Lewis,* was filed well beyond the applicable statute of limitations. *See Ormiston v. Nelson,* 117 F.3d 69, 71 (2d Cir.1997); *Meyer v. Frank,* 550

F.2d 726, 728 (2d Cir.1977). Furthermore, because Diaz had failed to assert any legal argument or allege any facts pertaining to his right to make and enforce contracts or his rights concerning real or personal property, he had failed to state a claim for relief pursuant to 42 U.S.C. §§ 1981 or 1982.

In addition, the district court also properly concluded that the "three strikes" provision of the PLRA should be imposed, barring him from bringing any future action *in forma pauperis.*

For the reasons set forth herein, the Judgment being appealed in *Diaz v. Visitacion–Lewis,* 03–170 is hereby **AFFIRMED.**

It is further reasoned that because Diaz failed to either pay the filing fee or file a motion to proceed *in forma pauperis* as directed by this Court's Clerk's Office in appeal numbers 03–318 and 03–325, they should be dismissed. In any event, had Diaz paid the fee or filed a motion to proceed *in forma pauperis,* the notices of appeal were untimely filed. Lastly, for the reasons set forth by the district court, all three complaints were meritless.

For the reasons set forth in the above paragraph, the appeals filed in *Diaz v. Graziano,* 03–318, and *Diaz v. Labuda,* 03–325 are hereby **DISMISSED.**

For the foregoing reasons, we hold that the Judgment of the district court in appeal number 03–170 is hereby **AFFIRMED** and the appeals filed in numbers 03–318 and 03–325 are **DISMISSED.**

---

* The Honorable Milton Pollack, Senior Judge, United States District Court for the Southern    District of New York, sitting by designation.