of the District Court is hereby VACATED AND REMANDED.

**Michael EDWARDS, Plaintiff–Appellant,**

v.

**John TARASCIO, Warden, I/O, et al., Defendants–Appellees.**

**No. 00–0074.**

United States Court of Appeals, Second Circuit.

May 28, 2004.

---

\* The Honorable Milton Pollack, United States District Judge for the Southern District of

Michael Edwards, MacDougal Correctional Facility, Suffield, Connecticut, for Appellant, pro se.

Lynn D. Wittenbrink, Attorney General's Office, Hartford, Connecticut, for Appellees.

Present: SOTOMAYOR, KATZMANN, Circuit Judges, and POLLACK, District Judge.\*

### SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that this matter is hereby **STAYED** pending this Court's decision in *Giano v. Goord*, Docket No. 02–0105;

New York, sitting by designation.

*Ortiz v. McBride,* Docket No. 02–0088; *Hemphill v. State of New York,* Docket No. 02–0164; *Abney v. Dep't of Corrections,* 02–0241; and *Johnson v. Reno,* Docket No. 02–0145. In those cases, this Court has appointed counsel to address the issue, *inter alia,* of whether the Prison Litigation Reform Act, 42 U.S.C. § 1997e ("PLRA") compels a rule of "total exhaustion," and whether an inmate's failure to fully comply with the formal grievance procedures available to him can nonetheless constitute exhaustion under the PLRA. Edwards's pending motion for default judgment is hereby denied.

Plaintiff-appellant Michael Edwards, *pro se,* appeals from a district court judgment dismissing his 42 U.S.C. § 1983 complaint pursuant to Fed.R.Civ.P. 12(b)(6) for failure to satisfy the exhaustion requirements of the Prison Litigation Reform Act, 42 U.S.C. § 1997e ("PLRA"). Edwards brought suit against Warden John Tarascio and Corrections Officers Saundry, Bolger, Mulligan, Sandy, Paradise and Lewis. *See* ROA Doc. 3 (Complaint).

In his complaint, Edwards claimed that the defendants-appellees violated his Eighth and Fourteenth Amendment rights during a January 1997 body and cavity search. *See id.* at 4. Edwards also claimed that the defendants-appellees' actions constituted tortious assault and battery under Connecticut state law. *See id.* at 6. Specifically, Edwards alleged that: (1) corrections officers used excessive force and committed sexual assault, battery and negligence during the search; (2) the officers failed to check the sanction book properly to verify whether he was on "confined to quarters" status; (3) he was placed in punitive segregation for thirty days and improperly denied unspecified medical care; and (4) Tarascio threatened him with additional sanctions if he continued to complain about the incident and also improperly failed to take administrative action against the corrections officers after being notified of the incident. *See id.* at 4–6.

Edwards did not state in his complaint that he had exhausted his administrative remedies, but attached a February 1997 letter from Tarascio to Edwards, which contained the subject line, "RE: Letter to Captain Peters for Investigation" in which Tarascio stated that his office was "in receipt of the investigation finding regarding your claims of inappropriate staff behavior" and that a "review of the facility video tape surrounding your placement into the Restrictive Housing unit for interfering with safety and security reveal[ed]" that "[a]t no time was there inappropriate staff behavior." *See id.,* Attachment 1. Tarascio then stated that Edwards's claims of inappropriate treatment were unsubstantiated and instructed Edwards to direct any future issues to his counselor or unit manager. *See id.* Edwards did not attach a copy of any written grievance made by him.

The defendants-appellees moved to dismiss the complaint pursuant to Fed. R.Civ.P. 12(b)(6). Edwards was given an opportunity to respond to the motion but failed to provide additional evidence that he had exhausted his administrative remedies. The district court thereafter granted the motion to dismiss "without prejudice to [Edwards] moving to reopen the case within thirty days based on a presentation of evidence that he exhausted his administrative remedies" and found that although Tarascio's letter was attached to the complaint, there was "no indication that [Edwards] ever utilized the administrative grievance procedures that are available to prisoners in Connecticut to address the type of conduct at issue in this case." *See* ROA Doc. 33 at 2–3.

We review *de novo* a district court's dismissal of a complaint pursuant to Fed. R.Civ.P. 12(b)(6). *See Cooper v. Parksy,* 140 F.3d 433, 440 (2d Cir.1998). We ac-

cept all the material allegations of the complaint, and will not affirm a district court's dismissal unless it appears beyond doubt that a plaintiff can present no set of supporting facts that would entitle him to relief. *See Thompson v. Carter*, 284 F.3d 411, 416 (2d Cir.2002). This rule applies with particular force in cases where a plaintiff proceeds *pro se* or alleges civil rights violations. *See id.* When addressing a *pro se* complaint, a district court should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be made. *See id.*

We have noted, in dicta, that under New York's corrections scheme, resolution of an inmate's grievances through informal channels may satisfy the exhaustion requirement of § 1997e(a). *See Marvin v. Goord*, 255 F.3d 40, 43 (2d Cir.2001). More recently, we have ordered appointment of counsel in four pending cases to address whether inmates who did not fully comply with the dictates of the New York statute nonetheless exhausted their claims in other ways. *See Giano v. Goord*, Docket No. 02–0105; *Ortiz v. McBride*, Docket No. 02–0088; *Hemphill v. State of New York*, Docket No. 02–0164; *Abney v. Dep't of Corrections*, 02–0241.[1] We have also ordered appointment of counsel in a fifth case, *Johnson v. Reno*, Docket No. 02–0145, which involves a federal inmate's attempts at administrative exhaustion under the PLRA. In appointing counsel in *Johnson*, this Court directed counsel to address, *inter alia*, whether Johnson exhausted his claims (1) by describing alleged activities at the Bureau of Prison's disciplinary proceedings; and (2) through the Bureau of Prison's administrative scheme, even without fully appealing the claim within that scheme. *See Johnson v. Reno*, Docket No. 02–0145, February 13, 2003 Order. Additionally and, perhaps

most importantly, this Court ordered counsel to address the issue of whether the PLRA compels a rule of "total exhaustion." *See id.* The issue pending before us in *Johnson* is whether an inmate's failure to fully comply with the formal grievance procedures available to him can nonetheless constitute exhaustion under the PLRA. This same issue is present in this case because Connecticut's grievance procedures are substantially similar to those of the Bureau of Prisons. *See* 28 C.F.R. §§ 542.10, 542.13, 542.14, 542.15; *see also* Connecticut Administrative Directive 9.6 ¶¶ 9, 10, 12, 16, 17.

We find that a liberal reading of Edwards's complaint indicates that, like the prisoner in *Johnson*, he may have attempted to exhaust his administrative remedies. It appears from Tarascio's letter attached to the complaint that, at a minimum, Edwards made some form of complaint, resulting in a formal investigation of the claims and a letter from the Warden detailing the results of the investigation. Thus, it appears that Edwards may have satisfied both the informal portion of Connecticut's grievance procedure as well as the first step of the formal grievance procedure. *See* Connecticut Administrative Directive 9.6 ¶¶ 9, 10. However, like the petitioner in *Johnson*, Edwards has not demonstrated that he has formally exhausted his administrative remedies under Connecticut's grievance procedure. Whether and how the Warden's instruction for Edwards to direct any future issues to his counselor or unit manager affected any total exhaustion requirement of the PRLA was unaddressed by the district court.

We **STAY** this case pending this Court's decision in *Giano v. Goord*, Docket No. 02–0105; *Ortiz v. McBride*, Docket No. 02–0088; *Hemphill v. State of New York*, Docket No. 02–0164; *Abney v. Dep't of Corrections*, 02–0241; and *Johnson v.*

---

**1.** The four cases are scheduled to be heard in

tandem on May 27, 2004.

*Reno,* Docket No. 02–0145 of whether an inmate's informal attempts at exhaustion can be sufficient under the PLRA. To the extent the district court has not fully considered Edwards's post-judgment motions because the motions were transferred to this Court with the Record on Appeal, the district court is directed to consider those motions. If the district court requires copies of documents from the record, the district court may request copies of those documents from this Court's Clerk's Office. This Court's decisions in the pending cases and Edwards's post-judgment motions, along with the attached exhibits, may supplement the record as to the extent of Johnson's exhaustion and assist the district court in deciding those motions.