**Louis J. YOURDON, Plaintiff–Appellant,**

v.

**JOHNSON, Parole Commissioner, W. Smith, Parole Commissioner, George Pataki, Brion Travis, Defendants–Appellees.**

No. 02–0003.

United States Court of Appeals, Second Circuit.

April 28, 2005.

Louis J. Yourdon, Albion, N.Y. (on submission), for Appellant, pro se.

PRESENT: KEARSE, JACOBS, and CALABRESI, Circuit Judges.

*SUMMARY ORDER*

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the district court be VACATED and the case

be REMANDED for the district court to: reconsider the complaint in light of *Wilkinson v. Dotson*, —— U.S. ——, —— ——, 125 S.Ct. 1242, 1247–48, 161 L.Ed.2d 253 (2005); ascertain whether defendants were served with process; and reconsider whether defendants are entitled to immunity.

Louis J. Yourdon claims that he was denied due process by defendants, who are state parole officials, when they failed to conduct his parole hearing in person, and instead conducted it via, as his pleadings describe, "techno screen." Yourdon appeals from a judgment of the United States District Court for the Western District of New York (Elfvin, *J.*), dismissing Yourdon's suit *sua sponte* pursuant to 28 U.S.C. § 1915A for failure to state a claim upon which relief may be granted, and, in the alternative, on the ground that the parole board officials enjoy absolute immunity. Defendants did not appear before the district court and declined to appear on appeal, claiming that they were never served with Yourdon's complaint. Familiarity is assumed as to the facts, the procedural context, and the specification of appellate issues.

"We review *de novo* a dismissal made pursuant to 28 U.S.C. § 1915A...." *Marvin v. Goord*, 255 F.3d 40, 42 (2d Cir.2001).

The district court dismissed the complaint on the ground (*inter alia*) that "[a] federal civil rights action is not the proper vehicle to challenge a denial of parole, which is the nature of plaintiff's claims here." However, Yourdon argues on appeal that he "is not challenging the denial of parole, ... but rather the misapplication of the law and the application of the New York State Governor's draconian policy at parole hearings."

It is well-settled that "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973). Similarly, a prisoner cannot circumvent this rule by "us[ing] § 1983 to obtain damages where success *would necessarily* imply the unlawfulness of a (not previously invalidated) conviction or sentence." *Wilkinson v. Dotson*, —— U.S. ——, ——, 125 S.Ct. 1242, 1248, 161 L.Ed.2d 253 (2005) (discussing *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994)). However, the Supreme Court ruled last month that a state prisoner who challenges the constitutionality of state parole procedures is not limited to habeas relief, and may instead bring a § 1983 claim for declaratory and injunctive relief "where success in the action *would not necessarily* spell immediate or speedier release for the prisoner." *Id.* at 1247. In *Dotson*, two prisoners' § 1983 claims were cognizable because the prisoners' procedural challenges to their parole hearings would at most entitle them to new hearings, but would not necessarily spell speedier release for either prisoner. *Id.* at 1248. Yourdon's claims are analogous to those asserted in *Dotson*. We therefore remand to the district court for additional proceedings consistent with the Supreme Court's opinion in *Dotson*.

Additionally, on remand, we direct the district court to: (1) ascertain whether defendants were served with process (and if not to consider such measures as may be appropriate); and (2) reconsider whether defendants are entitled to immunity from Yourdon's lawsuit.

For the reasons set forth above, the judgment of the district court is hereby VACATED and the case is REMANDED for the district court to: reconsider the complaint in light of *Wilkinson v. Dotson;* ascertain whether defendants were served with process; and reconsider whether defendants are entitled to immunity.