Andrew CRANDALL, Plaintiff–
Appellant,

v.

D. DUNCAN, Superintendent, Great
Meadow Correctional Facility, et
al., Defendants–Appellees.

No. 04–2423–PR.

United States Court of Appeals,
Second Circuit.

June 22, 2005.

Andrew Crandall, Malone, NY, for Appellant, pro se.

Victor Paladino, Assistant Solicitor General (Eliot Spitzer, Attorney General of the State of New York; Peter H. Schiff, Senior Counsel, on the brief), Albany, NY, for Appellee.

Present: WALKER, Chief Judge,
CARDAMONE, and B.D. PARKER,
Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of said district court be and it hereby is **AFFIRMED IN PART** and **VACATED and REMANDED IN PART.**

Plaintiff-appellant Andrew Crandall appeals from the April 9, 2004, judgment of the district court dismissing Crandall's civil rights complaint, filed pursuant to 42 U.S.C. § 1983. Crandall's claims against defendant-appellee Sergeant Juckett were dismissed without prejudice, pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, for failure to serve Juckett. The district court granted summary judgment in favor of all remaining defendants-appellees, various New York State prison officials, on all claims on the grounds that Crandall had failed either to exhaust his administrative remedies, as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), or to raise a triable issue that his constitutional rights had been violated. We assume familiarity with the pleadings and the record of proceedings in the district court, particularly the report of Magistrate Judge David R. Homer on defendants' motion for summary judgment, which was adopted in its entirety by the district court.

Summary judgment is appropriate only when "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). A fact is "material" for these purposes if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). An issue of fact is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* We review the district court's grant of summary judgment *de novo,* construing the evidence in the light most favorable to the non-moving

party. *World Trade Ctr. Props., L.L.C. v. Hartford Fire Ins. Co.*, 345 F.3d 154, 165–66 (2d Cir.2003). When, as here, a litigant is proceeding *pro se*, we construe that litigant's appellate briefs and other pleadings liberally and read such submissions to raise the strongest arguments they suggest. *See Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir.1994). The rule favoring liberal construction of *pro se* submissions is especially applicable to civil rights claims. *See Weixel v. Bd. of Ed. of the City of NY*, 287 F.3d 138, 146 (2d Cir.2002).

In granting summary judgment, the district court held, in relevant part, that Crandall had not exhausted his allegations of medical mistreatment and other Eighth Amendment violations at the Great Meadow Correctional Facility, as required by the PLRA. With respect to claims arising at the Southport and Upstate correctional facilities, the district court held that although Crandall had exhausted these claims, he had failed to show any personal involvement in the alleged violations by several of the defendants, *see West v. Atkins*, 487 U.S. 42, 48–49, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988), and did not submit evidence raising a triable issue of fact as to whether his medical conditions were sufficiently severe or his treatment sufficiently unreasonable to give rise to an Eighth Amendment violation for inadequate treatment, *see Farmer v. Brennan*, 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). Finally, the district court rejected Crandall's due process claim that he was impermissibly denied the ability to present witnesses at a disciplinary hearing both because it was not exhausted and because it was precluded by the fact that Crandall's conviction at the hearing had not been overturned. *See Heck v. Humphrey*, 512 U.S. 477, 486–87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994).

Based on our independent review of the record, which we view in the light most favorable to Crandall, we discern no errors with respect to the district court's disposition of Crandall's due process claim or his claimed medical mistreatment at the Southport and Upstate correctional facilities. Accordingly, the district court's decision with respect to these claims is affirmed.

As for the district court's dismissal of Crandall's Great Meadow claims for failure to exhaust, during the interim between the district court's Decision and Order granting summary judgment in this case and the present appeal, this court issued a decision in *Hemphill v. New York*, 380 F.3d 680, 686 (2d Cir.2004), in which we addressed the exhaustion requirements of the PLRA "where a prisoner plaintiff plausibly seeks to counter defendants' contention that the prisoner has failed to exhaust available administrative remedies as required by the PLRA." Specifically, we instructed district courts to conduct a three-part inquiry to ascertain (1) whether administrative remedies were in fact "available" to the prisoner; (2) whether the defendants waived or are estopped from raising an affirmative defense of non-exhaustion of administrative remedies on account of their own actions inhibiting the prisoner from filing a grievance; and (3) whether there exist any alleged "special circumstances" that would excuse the prisoner's failure to exhaust. *Hemphill*, 380 F.3d at 686; *see, e.g., Giano v. Goord*, 380 F.3d 670, 678 (2d Cir.2004) (holding that prisoner justifiably failed to file ordinary grievance when prisoner reasonably believed that Department of Corrections regulations foreclosed such recourse); *Abney v. McGinnis*, 380 F.3d 663 (2d Cir.2004) (holding that defendants' conduct may render grievance procedures effectively unavailable).

We find that a liberal reading of Crandall's complaint and amended complaint, together with Crandall's arguments on appeal, indicate that he may have attempted to exhaust his administrative remedies with respect to his Great Meadow claims. *See* 7 N.Y.C.R.R. § 701.1(a) ("The inmate grievance program (IGP) is intended to supplement, not replace, existing formal or informal channels of problem resolution."); *Marvin v. Goord*, 255 F.3d 40, 43 n. 3 (2d Cir.2001) (noting that New York's administrative grievance scheme expressly contemplates the possibility that an inmate could satisfy the exhaustion requirement through informal channels).

Because the district court, understandably, did not apply the standard of *Hemphill* or review the merits of Crandall's Great Meadow claims, we are unable to review the propriety of the district court's grant of summary judgment on these claims. Accordingly, we vacate the judgment as to them and remand to the district court to reconsider its finding that Crandall failed to exhaust his administrative remedies pursuant to the standard set forth in *Hemphill.*

For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED IN PART** and **VACATED and REMANDED IN PART.**