Jalaal PEOPLES, Plaintiff,

v.

S. BELDOCK, et al., Defendant.

No. 01–CV–6326L.

United States District Court,
W.D. New York.

July 10, 2002.

Jalaal Peoples, Attica, NY, Pro se.

Emil J. Bove, Office of New York State Attorney General, Rochester, NY, for Defendant.

### DECISION AND ORDER

LARIMER, Chief Judge.

### INTRODUCTION

Plaintiff, Jalaal Peoples, an inmate in the custody of the New York State Department of Correctional Services ("DOCS"), appearing *pro se,* commenced this action on June 26, 2001, alleging claims pursuant to the Civil Rights Act of 1994, 42 U.S.C. § 1983. Pursuant to this Court's Decision and Order entered on September 27, 2001, plaintiff filed an amended complaint on October 15, 2001.

The amended complaint [1] asserts claims against five defendants, all of whom were, at all relevant times, employed by DOCS at Five Points Correctional Facility in Romulus, New York. Plaintiff's claims

---

1. All further references to "the complaint" are to the amended complaint, unless otherwise noted.

arose out of two alleged assaults on plaintiff by other inmates. The gist of plaintiff's claims is that defendants failed to protect him from the assaults, in violation of plaintiff's rights under the Eighth Amendment to the United States Constitution.

By Order entered on December 4, 2001, plaintiff's claims against three of the defendants were dismissed with prejudice. Claims remain against Correction Officer Scott Beldock and an unidentified, "John Doe" defendant. Beldock has now moved for summary judgment on the ground that plaintiff has failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act of 1995 ("PLRA"), 42 U.S.C. § 1997e(a), which provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Because I find that plaintiff has failed to exhaust his administrative remedies, his complaint is dismissed.

## DISCUSSION

As stated, the PLRA requires that an inmate plaintiff must exhaust his available administrative remedies before commencing a lawsuit in federal court with respect to prison conditions. In New York State, those remedies consist of a three-step review process. First, "an inmate must submit a complaint to the Grievance Clerk within 14 calendar days of an alleged occurrence .... Exceptions to this time limit may be approved by the Inmate Grievance Program ["IGP"] supervisor based on mitigating circumstances (*e.g.*, attempt to resolve informally by the inmate, referrals back to the IGP by the courts, etc.)." 7 N.Y.C.R.R. § 701.7(a)(1). The grievance is then submitted to the inmate grievance resolution committee ("IGRC") for investigation and review. If the IGRC's decision

is appealed, the inmate may appeal to the superintendent of the facility, and if the superintendent's decision is appealed, the Central Office Review Committee ("CORC") makes the final administrative determination. *See* 7 N.Y.C.R.R. § 701.7. Only upon exhaustion of these three levels of review may a prisoner seek relief pursuant to 42 U.S.C. § 1983 in federal court. *Neal v. Goord,* 267 F.3d 116, 122 (2d Cir. 2001); *Sulton v. Greiner,* No. 00 Civ. 0727(RWS), 2000 WL 1809284, at *3 (S.D.N.Y. Dec. 11, 2000); *Petit v. Bender,* No. 99 Civ. 0969(SHS), 2000 WL 303280, at *2–3 (S.D.N.Y. Mar. 22, 2000). .

Here, the complaint itself states that "[p]laintiff did not grieve and/or appeal this claim due to the fact that being assaulted by fellow inmates is not a grievable issue." Amended Complaint at 1. That assertion is incorrect, however. Earlier this year, the Supreme Court made clear that "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involved general circumstances or particular episodes." *Porter v. Nussle,* 534 U.S. 516, ——, 122 S.Ct. 983, 992, 152 L.Ed.2d 12 (2002). Therefore, under *Nussle,* plaintiff was required to exhaust his administrative remedies before commencing this action.

Plaintiff also contends that the court should not apply the exhaustion requirement to him because at the time that he commenced this action, the Supreme Court had not yet decided *Nussle,* and the law in the Second Circuit was that the PLRA's exhaustion requirement did not apply to claims pertaining to isolated incidents affecting particular inmates, as opposed to claims concerning general prison circumstance or conditions. *See Nussle v. Willette,* 224 F.3d 95, 100 (2d Cir.2000), *rev'd sub nom. Porter v. Nussle,* 534 U.S. 516, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002).

Alternatively, plaintiff contends that he has exhausted his administrative remedies, because he filed a grievance concerning the incident at issue in October 2001. That grievance was rejected as untimely, since it was filed well beyond the fourteen-day time limit provided for by the regulations. *See* Plaintiff's Reply to Defendant's Motion for Summary Judgment (Docket # 14).

 After considering the matter, I believe that the best course of action here is to dismiss the complaint without prejudice to afford plaintiff an opportunity to exhaust his administrative remedies. While the Court is not insensitive to plaintiff's argument that, at the time he filed the complaint in this action, exhaustion was not required in this circuit, that argument should be presented in the first instance to the appropriate administrative authorities, in order to give the fullest possible effect to Congress's intentions in enacting the PLRA, as that Act has been interpreted by the Supreme Court. *See Morales v. Mackalm*, 278 F.3d 126, 131 (2d Cir.2002) ("the dismissal of claims for failure to exhaust should be without prejudice").

Although plaintiff's previous attempt to file a grievance was found to be untimely, that occurred prior to the *Nussle* decision. Should plaintiff choose to file a new grievance, he can thus attempt to show that the intervening change in the law occasioned by *Nussle* constitutes "mitigating circumstances" that would justify an exception to the time limit imposed by the regulations. 7 N.Y.C.R.R. § 701.7(a)(1).

## CONCLUSION

Defendant's motion for summary judgment (Docket # 9) is granted, and the complaint is dismissed without prejudice.

Plaintiff's motion for various relief (Docket # 14) is denied as moot.

IT IS SO ORDERED.