**Benny SANTOS, Plaintiff,**

v.

**Raymond R. HAUCK, et al., Defendants.**

**No. 00–CV–6614L.**

United States District Court, W.D. New York.

Jan. 14, 2003.

Sandi J. Prichard, Nixon Peabody LLP, Rochester, NY, for Plaintiff.

Benny Santos, Warsaw, NY, Pro se.

Charles D. Steinmam, New York State Attorney General, Rochester, NY, for Defendants.

## DECISION AND ORDER

LARIMER, District Judge.

Plaintiff, Benny Santos, an inmate in the custody of the New York State Department of Correctional Services ("DOCS"), commenced this action under 42 U.S.C. § 1983 on December 22, 2000. Plaintiff, who is now represented by court-appointed counsel, alleges various violations of his constitutional rights arising out of certain incidents that occurred in 2000, while he was incarcerated at Attica Correctional Facility.

Defendants, three correction officers, have moved for summary judgment on the ground that plaintiff has failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act of 1995 ("PLRA"), 42 U.S.C. § 1997e(a), and *Porter v. Nussle*, 534 U.S. 516, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002). Plaintiff concedes

that he has not exhausted his administrative remedies, but contends that *Nussle* should not be applied to this case because there is a "conflict" between the holding of *Nussle* and New York State regulations regarding inmate grievances. I disagree, and accordingly grant defendants' motion.

## DISCUSSION

Section 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." In New York State, those remedies consist of a three-step review process. First, "an inmate must submit a complaint to the Grievance Clerk within 14 calendar days of an alleged occurrence ...." 7 N.Y.C.R.R. § 701.7(a)(1). The grievance is then submitted to the inmate grievance resolution committee ("IGRC") for investigation and review. If the IGRC's decision is appealed, the inmate may appeal to the superintendent of the facility, and if the superintendent's decision is appealed, the Central Office Review Committee ("CORC") makes the final administrative determination. *See* 7 N.Y.C.R.R. § 701.7. Only upon exhaustion of these three levels of review may a prisoner seek relief pursuant to 42 U.S.C. § 1983 in federal court. *Neal v. Goord,* 267 F.3d 116, 122 (2d Cir. 2001); *Peoples v. Beldock,* 212 F.Supp.2d 141, 142 (W.D.N.Y.2002). At each step, there are time limits within which the grievance or appeal must be decided, and "matters not decided within the time limits [prescribed by the regulations] may be appealed to the next step." 7 N.Y.C.R.R. § 701.8.

■ Prior to the Supreme Court's decision in *Nussle,* the law in the Second Circuit was that the PLRA's exhaustion requirement did not apply to claims pertaining to isolated incidents affecting particular inmates. *See Nussle v. Willette,* 224 F.3d 95 (2d Cir.2000). In *Porter v. Nussle,* however, the Supreme Court held that " § 1997e(a)'s exhaustion requirement applies to all prisoners seeking redress for prison circumstances or occurrences." 534 U.S. at 520, 122 S.Ct. 983.

■ In the case at bar, plaintiff alleges that he filed a grievance at Attica on or about May 25, 2000. Plaintiff's Affidavit (Docket # 36) ¶ 3. He states that about two weeks later, he was transferred to a different facility, and that he never received any communication regarding his grievance. *Id.* ¶¶ 4, 5. He does not allege that he ever took any further steps to prosecute or appeal his grievance, and he does not contend that he was in any way prevented from doing so. Plaintiff also does not deny defendants' assertion that he did not appeal to CORC.

It is clear, then, that plaintiff has not exhausted his administrative remedies with respect to his claims in this suit. He contends, however, that *Nussle* should not be applied here because it is in conflict with New York State regulations concerning the filing and appeal of grievances. Specifically, plaintiff notes that the regulations provide that an inmate "may" appeal a failure to respond to his grievance, not that he "must" do so. From this, plaintiff concludes that under the regulations, the inmate is not required to appeal, and that plaintiff's failure to appeal when he got no response to his grievance therefore did not constitute a failure to exhaust administrative remedies.

I am not persuaded by this argument. The regulation upon which plaintiff relies, 7 N.Y.C.R.R. § 701.8, which states that "matters not decided within the [prescribed] time limits may be appealed to the next step," deals with time limits imposed on DOCS officials for deciding grievances, not with exhaustion of remedies. It prevents those officials from indefinitely de-

laying the processing of a grievance, by giving inmates the right to appeal if the grievance is not acted upon within a specified length of time.

Exhaustion, however, is a federally-imposed prerequisite to § 1983 suits. Under state regulations, inmates can certainly choose not to appeal from an adverse decision, but by doing so, they will forfeit the right to bring an action in federal court. There is no conflict, then, between the state regulations and the PLRA's exhaustion requirement as interpreted by *Nussle.*

Plaintiff also argues that the Court should not apply *Nussle* retroactively to this action, which was filed before the Supreme Court's decision in that case was handed down. This Court rejected a similar argument in *Peoples v. Beldock,* 212 F.Supp.2d 141, 143 (W.D.N.Y.2002), holding that "the best course of action here is to dismiss the complaint without prejudice to afford plaintiff an opportunity to exhaust his administrative remedies." I reach the same conclusion here.

Moreover, even if plaintiff were now barred from seeking further administrative review of his grievance, that would not mean that *Nussle* should not be applied. "It is quite common to apply a new decision retroactively, without consideration of the equities in the matter. Indeed, it is the rule to do so, not the exception." *Hemphill v. New York,* 198 F.Supp.2d 546, 550 (S.D.N.Y.2002) (applying *Nussle* retroactively) (citing *Landgraf v. USI Film Products,* 511 U.S. 244, 114 S.Ct. 1483, 128 L.Ed.2d 229 (1994), and *Rivers v. Roadway Express, Inc.,* 511 U.S. 298, 114 S.Ct. 1510, 128 L.Ed.2d 274 (1994)). *See generally Harper v. Virginia Dep't of Taxation,* 509 U.S. 86, 97, 113 S.Ct. 2510, 125 L.Ed.2d 74 (1993) ("When [the Supreme] Court applies a rule of federal law to the parties before it, that rule is the controlling interpretation of federal law and must be given full retroactive effect in all cases still open on direct review and as to all events, regardless of whether such events predate or postdate [the] announcement of the rule"). *See also Khalild v. Reda,* No. 00 CIV. 7691, 2003 WL 42145, *2 n. 2 (S.D.N.Y. Jan. 23, 2003) (" 'the broad exhaustion requirement announced in *Nussle* applies with full force' to litigants in such a situation," *i.e.,* litigants who filed complaints before *Nussle* was decided) (quoting *Espinal v. Goord,* No. 01 CIV. 6569, 2002 WL 1585549, *2 n. 3 (S.D.N.Y. July 17, 2002)); *White v. State of New York,* 2002 WL 31235713, *2 (S.D.N.Y. Oct. 3, 2002) ("Courts in this Circuit have consistently applied [*Nussle* ] retroactively") (citing cases).

Plaintiff also contends that there are factual issues here that preclude summary judgment. Those alleged issues, however, have no bearing on whether plaintiff has satisfied the exhaustion requirement. Since he has not done so, defendants' motion for summary judgment is granted, and the complaint is dismissed without prejudice. *See Reyes v. Punzal,* 206 F.Supp.2d 431, 434 (W.D.N.Y.2002) (where inmate plaintiff failed to show that he ever went beyond mere filing of grievance, court would dismiss complaint without prejudice to give plaintiff opportunity to exhaust).

## CONCLUSION

Defendants' motion for summary judgment (Docket # 29) is granted, and the complaint is dismissed without prejudice.

IT IS SO ORDERED.