**Warren LANE, Plaintiff,**

v.

**Raymond S. DOAN, et al., Defendants.**

**No. 00–CV–6110L.**

United States District Court,
W.D. New York.

Sept. 5, 2003.

Warren Lane, Attica Correctional Facility, Attica, NY, pro se.

Harold A. Kurland, Ward, Norris, Heller & Reidy, LLP, Rochester, NY, for Plaintiff.

Charles D. Steinman, New York State Attorney General, Rochester, NY, for Defendant.

## DECISION AND ORDER

LARIMER, District Judge.

Plaintiff, Warren Lane, commenced this action under 42 U.S.C. § 1983 on March 10, 2000. Although plaintiff initially appeared in the action *pro se*, the Court appointed counsel to represent plaintiff on February 12, 2002. Plaintiff filed an amended complaint on December 23, 2002.

Plaintiff, an inmate in the custody of the New York State Department of Correctional Services ("DOCS"), asserts five causes of action against thirteen DOCS employees, alleging that defendants violated plaintiff's constitutional rights in a number of ways during plaintiff's incarceration at Elmira Correctional Facility ("Elmira"). Twelve of the defendants have now moved for summary judgment on the ground that plaintiff has failed to exhaust his administrative remedies as to his claims against them, as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a).

## DISCUSSION

■ Section 1997e(a) provides that "[n]o action brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." New York State regulations provide for a three-step administrative review process. First, "an inmate must submit a complaint to the Grievance Clerk within 14 calendar days of an alleged occurrence ...." 7 N.Y.C.R.R. § 701.7(a)(1). The grievance is then submitted to the inmate grievance resolution committee ("IGRC") for investigation and review. If the IGRC's decision is appealed, the inmate may appeal to the superintendent of the facility, and if the superintendent's decision is appealed, the Central Office Review Committee ("CORC") makes the final administrative determination. *See* 7 N.Y.C.R.R. § 701.7. In general, only upon exhaustion of these three levels of review may a prisoner seek relief pursuant to 42 U.S.C. § 1983 in federal court. *Neal v. Goord*, 267 F.3d 116, 122 (2d Cir.2001); *Peoples v. Beldock*, 212 F.Supp.2d 141, 142 (W.D.N.Y.2002).

In their motion, defendants assert that although plaintiff filed grievances concerning various matters relating to his confinement while at Elmira, he only pursued two of those grievances all the way to CORC. Both of those grievances related only to defendant John Lute. Therefore, according to defendants, plaintiff's claims against the other defendants should be dismissed.

In response, plaintiff has submitted an affidavit explaining the steps that he took to grieve his claims, together with copies of grievances and letters that he wrote to various DOCS officials about his grievances. It appears from these that plaintiff either did grieve, or attempted to grieve, the matters about which he complains in this case. It also appears that DOCS simply failed to respond to, or to process,

many of plaintiff's grievances and related correspondence.

◼ Although "[g]enerally, corrections officials are entitled to strict compliance with administrative procedures," *Rivera v. Goord*, 253 F.Supp.2d 735, 746 (S.D.N.Y.2003), there are circumstances in which an inmate plaintiff's failure to exhaust his remedies may be excused. For instance, a "plaintiff may proceed despite nonexhaustion where he has been 'led to believe by prison officials that his alleged incident was not a "grievance matter" and assured that his claims were otherwise investigated,'" *id.* at 747 (quoting *O'Connor v. Featherston*, No. 01 Civ. 3251, 2002 WL 818085, *2 (S.D.N.Y. Apr.29, 2002)); *see Heath v. Saddlemire*, No. 96–CV–1998, 2002 WL 31242204, at *4–5 (N.D.N.Y. Oct.7, 2002) (holding that defendants were estopped from asserting nonexhaustion where plaintiff relied on letter from defendants stating that he had "followed the correct procedure by notifying the Inspector General of [his] complaint"). Similarly, nonexhaustion will not bar a claim "where a plaintiff has been led to believe that administrative remedies were unavailable." *Rivera*, 253 F.Supp.2d at 747; *see also Berry v. City of New York*, No. 00 Civ. 2834, 2002 WL 31045943, at *8 (S.D.N.Y. June 11, 2002) (stating that defendant may be estopped from asserting nonexhaustion as a defense where plaintiff had been led to believe that filing of a grievance would be "'impossible or futile,'" but finding no basis for such belief where plaintiff had previously filed several grievances in other matters and had been successful in at least one) (quoting *Burns v. Moore*, 99 Civ. 0966, 2002 WL 91607, at *5 (S.D.N.Y. Jan.24, 2002)).

In a similar vein, courts in this circuit have held that "an inmate's technical failure to exhaust administrative remedies before commencing a § 1983 action may be excused where officials prevented him from utilizing a grievance procedure." *Arnold v. Goetz*, 245 F.Supp.2d 527, 537 (S.D.N.Y.2003). *See also Miller v. Norris*, 247 F.3d 736, 740 (8th Cir.2001) ("a remedy that prison officials prevent a prisoner from 'utiliz[ing]' is not an 'available' remedy under § 1997e(a)"); *Thomas v. New York State DOCS*, No. 00 Civ. 7163, 2002 WL 31164546, at *3 (S.D.N.Y. Sept. 30, 2002) ("where a prisoner has made a 'reasonable attempt' to file a grievance, and prison officials have prevented the prisoner from filing that grievance, the grievance procedure is not 'available' to the [inmate], and thus the [PLRA] does not preclude the prisoner from suing in federal court"); *O'Connor*, ("several courts have held that an inmate may nonetheless defeat a motion to dismiss even when the requirements of administrative remedies have not technically been exhausted where … an inmate makes a 'reasonable attempt' to exhaust his administrative remedies, especially where it is alleged that corrections officers failed to file the inmate's grievances or otherwise impeded or prevented his efforts …."); *Gonzalez v. Officer in Charge of Barber Shop on Duty on May 13, 1999*, No. 99 CIV. 3455, 2000 WL 274184, at *3 (S.D.N.Y. Mar.13, 2000) (refusing to dismiss inmate's § 1983 action where plaintiff alleged that he attempted to file grievances but was frustrated in these efforts by prison officials). "In essence, prison officials cannot have it both ways-they cannot obstruct an inmate's pursuit of administrative exhaustion on the one hand and then claim the inmate did not properly exhaust these remedies on the other." *Arnold*, 245 F.Supp.2d at 537.

◼ Here, it appears that plaintiff did make "reasonable attempts" to file and prosecute his grievances. There is no indication that he simply bypassed the grievance procedure; on the contrary, plaintiff

has well documented his efforts to grieve the matters at issue here, and it appears that DOCS simply ignored many of his grievances and inquiries. I find, therefore, that based on plaintiff's reasonable attempts to exhaust his administrative remedies, the exhaustion requirement has been satisfied here. *See Lewis ex rel. Lewis v. Gagne*, 281 F.Supp.2d 429, 434–35 (N.D.N.Y.2003) (finding that "plaintiffs' informal efforts demonstrate a reasonable attempt to exhaust all possible means before filing in federal court"); *O'Connor*, 2002 WL 818085, at *2 (listing plaintiff's making a "reasonable attempt" to exhaust administrative remedies as one reason courts have found exhaustion of remedies outside a grievance procedure); *Preslar v. Dr. Tan*, No. 00–CV–6103, 2003 WL 553273, at *3 (W.D.N.Y. Feb.6, 2003) ("Other courts in this Circuit have held that where a prisoner has made a 'reasonable attempt' to file a grievance, and prison officials have prevented the prisoner from filing that grievance, the grievance procedures are not 'available' to him and, thus, the [PLRA] does not preclude the prisoner from suing in federal court").

I also note that New York regulations provide for an informal grievance procedure, which is "intended to supplement, not replace, existing formal or informal channels of problem resolution." 7 N.Y.C.R.R. § 701.1. The Second Circuit has held "that under the administrative scheme applicable to New York prisoners, resolution of an inmate's grievances through [these] informal channels can satisfy the exhaustion requirement of 42 U.S.C. § 1997e(a)." *Ortiz v. McBride*, 323 F.3d 191, 194 (2d Cir.2003) (citing *Marvin v. Goord*, 255 F.3d 40, 43 n. 3 (2d Cir.2001) (per curiam)). *See, e.g., Lewis*, 281 F.Supp.2d at 435–36 (finding that plaintiff's pursuit of his grievance through informal channels was sufficient to satisfy exhaustion requirement, and observing

that "[d]efendants were afforded, and took advantage of, the opportunity to address Lewis's claims. The allegations in this case do not amount to the classic frivolous claim Congress sought to 'filter out' in enacting the PLRA") (footnote omitted). Although the informal grievance procedure is generally limited to harassment claims, *see* 7 N.Y.C.R.R. § 701.11, at least some of plaintiff's claims do fall within that broad category, which is defined as "employee misconduct meant to annoy, intimidate or harm an inmate." 7 N.Y.C.R.R. § 701.2. I therefore find that the exhaustion requirement has been satisfied on that ground as well.

## CONCLUSION

Defendants' motion for summary judgment (Docket # 206) is denied.

IT IS SO ORDERED.