Willie **JENKINS**, Plaintiff,

v.

**Sarge F. RAUB, et al., Defendants.**

No. 01–CV–6422L.

United States District Court,
W.D. New York.

Feb. 9, 2004.

Willie Jenkins, Pine City, NY, pro se.

Emil J. Bove, Jr., Office of New York State Attorney General, Rochester, NY, for Defendants.

*DECISION AND ORDER*

LARIMER, District Judge.

Plaintiff, Willie Jenkins, an inmate in the custody of the New York State Department of Correctional Services ("DOCS"), commenced this action *pro se* under 42 U.S.C. § 1983 on August 31, 2001 against six DOCS employees.[1] Plaintiff alleges that defendants assaulted him on April 7, 2001 at Southport Correctional Facility in violation of his Eighth Amendment rights. (Dkt. # 1). Defendants have now moved for summary judgment solely on the ground that plaintiff has failed to exhaust his administrative remedies, as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), and the Supreme Court's decision in *Porter v. Nussle*, 534 U.S. 516, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002). As set forth below, defendants' motion is denied.

---

1. Plaintiff's complaint named a seventh DOCS employee "M. Courtney." A Return of Service was filed on April 15, 2002 stating that service of the summons dated November 28, 2001 was not executed. According to DOCS officials, there is no employee by the name of "M. Courtney" at Southport Correctional Facility. (Dkt. # 17).

## DISCUSSION

■ Section 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." New York State regulations provide for a three-step administrative review process. First, "an inmate must submit a complaint to the Grievance Clerk within 14 calendar days of an alleged occurrence . . . ." 7 N.Y.C.R.R. § 701.7(a)(1). The grievance is then submitted to the inmate grievance resolution committee ("IGRC") for investigation and review. If the IGRC's decision is appealed, the inmate may appeal to the superintendent of the facility, and if the superintendent's decision is appealed, the Central Office Review Committee ("CORC") makes the final administrative determination. *See* 7 N.Y.C.R.R. § 701.7. In general, it is only after exhausting all these administrative procedures that a prisoner may seek relief pursuant to 42 U.S.C. § 1983 in federal court. *Neal v. Goord,* 267 F.3d 116, 122 (2d Cir.2001); *Peoples v. Beldock,* 212 F.Supp.2d 141, 142 (W.D.N.Y.2002). Nevertheless, the Second Circuit recently held that the PLRA's exhaustion requirement was not jurisdictional in nature, and is, therefore, subject to equitable doctrines. *Richardson v. Goord,* 347 F.3d 431, 434 (2d Cir.2003) (per curiam).

■ In their motion, defendants assert that although plaintiff filed a grievance concerning the incident, he never filed an appeal with the CORC from the Superintendent's decision denying his grievance. Therefore, according to defendants, plaintiff's complaint should be dismissed. Construing plaintiff's *pro se* responses liberally and interpreting them "to raise the strongest arguments that they suggest,"

*see Corcoran v. New York Power Auth.,* 202 F.3d 530, 536 (2d Cir.1999) (quotations omitted), plaintiff argues that he substantially complied with (or otherwise satisfied) the exhaustion requirement. (*See* Plaintiff's Response to Defendants' Motion for Summary Judgment; Plaintiff's Motions for a Stay and for Appointment of Counsel; Dkts. ## 36, 42, 43).

The records show that plaintiff attempted to exhaust his administrative remedies through both formal and informal channels. There is no dispute that within days of the incident, plaintiff wrote a letter to the defendants' supervisor, the Deputy Superintendent of Security, and filed a grievance with the IGP Supervisor complaining about the incident. Plaintiff received a response to his informal complaint days later, but was not told how to appeal that decision. Plaintiff did not receive a formal response to his grievance within the DOCS prescribed time limit of fourteen days. Instead, five months later, and after plaintiff filed this complaint, Superintendent McGinnis sent plaintiff a decision denying his grievance. (*See* documents related to plaintiff's grievance and informal complaint, Dkt. # 32, at Ex. C.). Plaintiff alleges that he wrote to both Superintendent McGinnis and CORC Director Eagen detailing his efforts to exhaust his remedies regarding his claims. Those documents, however, are not before the Court, although Eagen acknowledges in an affidavit that he received correspondence from the plaintiff related to this grievance.

Although "[g]enerally, corrections officials are entitled to strict compliance with administrative procedures," *Rivera v. Goord,* 253 F.Supp.2d 735, 746 (S.D.N.Y. 2003), there are circumstances in which an inmate plaintiff's failure to exhaust his remedies may be excused. For instance, a "plaintiff may proceed despite nonexhaustion where he has been 'led to believe by

prison officials that his alleged incident was not a "grievance matter" and assured that his claims were otherwise investigated,'" *id.* at 747 (quoting *O'Connor v. Featherston*, No. 01 Civ. 3251, 2002 WL 818085, *2 (S.D.N.Y. Apr. 29, 2002)); *see Heath v. Saddlemire*, No. 96–CV–1998, 2002 WL 31242204, at *4–5 (N.D.N.Y. Oct. 7, 2002) (holding that defendants were estopped from asserting nonexhaustion where plaintiff relied on letter from defendants stating that he had "followed the correct procedure by notifying the Inspector General of [his] complaint"). Similarly, nonexhaustion will not bar a claim "where a plaintiff has been led to believe that administrative remedies were unavailable." *Rivera*, 253 F.Supp.2d at 747; *see also Berry v. City of New York*, No. 00 Civ. 2834, 2002 WL 31045943, at *8 (S.D.N.Y. June 11, 2002) (stating that defendant may be estopped from asserting nonexhaustion as a defense where plaintiff had been led to believe that filing of a grievance would be " 'impossible or futile,' " but finding no basis for such belief where plaintiff had previously filed several grievances in other matters and had been successful in at least one) (quoting *Burns v. Moore*, 99 Civ. 0966, 2002 WL 91607, at *5 (S.D.N.Y. Jan. 24, 2002)).

In a similar vein, courts in this circuit have held that "an inmate's technical failure to exhaust administrative remedies before commencing a § 1983 action may be excused where officials prevented him from utilizing a grievance procedure." *Arnold v. Goetz*, 245 F.Supp.2d 527, 537 (S.D.N.Y.2003). *See also Miller v. Norris*, 247 F.3d 736, 740 (8th Cir.2001) ("a remedy that prison officials prevent a prisoner from 'utiliz[ing]' is not an 'available' remedy under § 1997e(a)"); *Thomas v. New York State DOCS*, No. 00 Civ. 7163, 2002 WL 31164546, at *3 (S.D.N.Y. Sept. 30, 2002) ("where a prisoner has made a 'reasonable attempt' to file a grievance, and prison officials have prevented the prison-

er from filing that grievance, the grievance procedure is not 'available' to the [inmate], and thus the [PLRA] does not preclude the prisoner from suing in federal court"); *O'Connor*, ("several courts have held that an inmate may nonetheless defeat a motion to dismiss even when the requirements of administrative remedies have not technically been exhausted where ... an inmate makes a 'reasonable attempt' to exhaust his administrative remedies, especially where it is alleged that corrections officers failed to file the inmate's grievances or otherwise impeded or prevented his efforts ..."); *Gonzalez v. Officer in Charge of Barber Shop on Duty on May 13, 1999*, No. 99 Civ. 3455, 2000 WL 274184, at *3 (S.D.N.Y. Mar.13, 2000) (refusing to dismiss inmate's § 1983 action where plaintiff alleged that he attempted to file grievances but was frustrated in these efforts by prison officials). "In essence, prison officials cannot have it both ways—they cannot obstruct an inmate's pursuit of administrative exhaustion on the one hand and then claim the inmate did not properly exhaust these remedies on the other." *Arnold*, 245 F.Supp.2d at 537.

Here, it appears that plaintiff did make "reasonable attempts" to file and prosecute his grievances. There is no indication that he simply bypassed the grievance procedure; on the contrary, plaintiff's efforts to grieve the April 7, 2001 incident are well documented, and it appears that the DOCS officials failed to take timely action on his grievance until after he filed this law suit. I find, therefore, that based on plaintiff's reasonable attempts to exhaust his administrative remedies, the exhaustion requirement has been satisfied here. *See Lane v. Doan*, 287 F.Supp.2d 210 (W.D.N.Y.2003) (plaintiff satisfied exhaustion requirement where plaintiff made reasonable efforts to exhaust his remedies formally and informally but DOCS officials failed to respond to his complaints); *Lewis ex rel. Lewis v. Gagne*, 281 F.Supp.2d 429, 435 (N.D.N.Y.

2003) (finding that "plaintiffs' informal efforts demonstrate a reasonable attempt to exhaust all possible means before filing in federal court"); *O'Connor,* 2002 WL 818085, at *2 (listing plaintiff's making a "reasonable attempt" to exhaust administrative remedies as one reason courts have found exhaustion of remedies outside a grievance procedure); *Preslar v. Dr. Tan,* No. 00–CV–6103, 2003 WL 553273, at *3 (W.D.N.Y. Feb. 6, 2003) ("Other courts in this Circuit have held that where a prisoner has made a 'reasonable attempt' to file a grievance, and prison officials have prevented the prisoner from filing that grievance, the grievance procedures are not 'available' to him and, thus, the [PLRA] does not preclude the prisoner from suing in federal court").

I also note that New York regulations provide for an informal grievance procedure, which is "intended to supplement, not replace, existing formal or informal channels of problem resolution." 7 N.Y.C.R.R. § 701.1. The Second Circuit has held "that under the administrative scheme applicable to New York prisoners, resolution of an inmate's grievances through [these] informal channels can satisfy the exhaustion requirement of 42 U.S.C. § 1997e(a)." *Ortiz v. McBride,* 323 F.3d 191, 194 (2d Cir.2003) (citing *Marvin*

*v. Goord,* 255 F.3d 40, 43 n. 3 (2d Cir.2001) (per curiam)); *see also Richardson,* 347 F.3d at 434–35 (question of fact regarding whether plaintiff's informal efforts to exhaust his administrative remedies was sufficient to satisfy PLRA precluded summary judgment); *Lewis,* 281 F.Supp.2d at 436 (finding that plaintiff's pursuit of his grievance through informal channels was sufficient to satisfy exhaustion requirement, and observing that "[d]efendants were afforded, and took advantage of, the opportunity to address Lewis's claims. The allegations in this case do not amount to the classic frivolous claim Congress sought to 'filter out' in enacting the PLRA") (footnote omitted); *see also* 7 N.Y.C.R.R. § 701.11 (outlining alternative procedure for claims of harassment). I therefore find that the exhaustion requirement has been satisfied on that ground as well.[2]

### CONCLUSION

Defendants' motion for summary judgment (Dkt. # 29) is denied.

IT IS SO ORDERED.

---

**2.** Finally, it is important to note that, at all times relevant to this lawsuit, the law in this circuit was that plaintiff was not required to exhaust his administrative remedies before bringing a claim for excessive force under § 1983. *See Nussle v. Willette,* 224 F.3d 95 (2d Cir. Aug.24, 2000). The incident here occurred in April 2001. Plaintiff attempted to exhaust his administrative remedies between April and December 2001, and he filed this lawsuit in August 2001. The Supreme Court did not reverse the Second Circuit's decision in *Nussle* until February 26, 2002. *See Porter v. Nussle,* 534 U.S. at 516, 122 S.Ct. 983. Therefore, plaintiff took more steps to exhaust his administrative remedies prior to bringing this lawsuit than what the law in this circuit required of him at the time. In this regard,

the case is distinguishable to those in which a claim arose when the law was in a state of flux and a litigant could not have detrimentally relied on case law by taking no action. *See e.g. Hemphill v. New York,* 198 F.Supp.2d 546, 548 (S.D.N.Y.2002) (noting that "the equities here would not favor Hemphill" because his claims arose before the Second Circuit's decision in *Nussle* ). It is also unlike those cases in which a plaintiff has filed suit first, and then filed untimely grievances at the facility. *See e.g., Byas v. State,* No. 99 Civ. 1673, 2002 WL 1586963 (S.D.N.Y. July 17, 2002) (plaintiff's complaint dismissed where he filed institutional grievance five years after the incident and three years after commencement of the law suit).