**Deshawn SMART, Plaintiff,**

v.

**K. ARNONE, Attica Correctional Facility, et al., Defendants.**

**No. 01–CV–6298L.**

United States District Court, W.D. New York.

March 30, 2004.

Deshawn Smart, Auburn, NY, pro se.

Gary M. Levine, New York State Office of the Attorney General, Rochester, NY, for Defendants.

## DECISION AND ORDER

LARIMER, District Judge.

Plaintiff, Deshawn Smart, an inmate in the custody of the New York State Department of Correctional Services ("DOCS"), commenced this action *pro se* under 42 U.S.C. § 1983 on April 23, 2001, against DOCS employees asserting Eighth Amendment excessive force and failure to intervene claims. In his complaint, plaintiff alleges that defendant D. Whelan sexually assaulted him on September 1, 1998 at Attica Correctional Facility during a routine pat frisk, and that defendants K. Ulrich and Sgt. K. Arnone failed to intervene to stop the assault. (Dkt.# 1). Defendants have now moved to amend their answer to assert failure to exhaust administrative remedies as an affirmative defense, and for summary judgment on that same basis. (Dkt.# 16).

Defendants' motions are granted and plaintiff's complaint is dismissed.

## DISCUSSION

### I. Amendment of Defendants' Answer

Defendants' motion to amend their answer to add the affirmative defense of

failure to exhaust administrative remedies is granted. Leave to amend a pleading pursuant to Fed.R.Civ.P. 15(a) should be freely granted when justice so requires. "Thus, absent evidence of undue delay, bad faith or dilatory motive on the part of the movant, undue prejudice to the opposing party, or futility, Rule 15's mandate must be obeyed." *Monahan v. New York City Dep't of Corr.*, 214 F.3d 275, 283 (2d Cir. 2000).

There is no evidence here that defendants made this motion in bad faith or for an improper purpose. Rather, defendants moved to amend based on a change in the law caused by the United States Supreme Court's decision in *Porter v. Nussle*, 534 U.S. 516, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002), which was decided after defendants filed their original answer. Moreover, plaintiff has not addressed the motion to amend in his response and, therefore, has not claimed any prejudice. In light of his *pro se* status, however, I have examined the record and determined that there is no prejudice. Plaintiff has conducted discovery on the issue of exhaustion of administrative remedies. He has requested and defendants have disclosed plaintiff's grievance file relative to his claims here. (*See* Defendants' response to plaintiff's interrogatories and request for production of documents, Dkt. # 14, with attached exhibits). Finally, as discussed below, the amendment is not futile. Accordingly, defendants' motion to amend to add the defense is granted. *Monahan*, 214 F.3d at 284; *Rachman Bag Co. v. Liberty Mut. Ins. Co.*, 46 F.3d 230, 235 (2d Cir.1995).

## II. Exhaustion of Administrative Remedies

■ The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), provides that "[n]o action shall be brought with respect to prison conditions under [section 1983] of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." New York State regulations provide for a three-step administrative review process. First, "[a]n inmate must submit a complaint to the Grievance Clerk within 14 calendar days of an alleged occurrence ...." 7 N.Y.C.R.R. § 701.7(a)(1). The grievance is then submitted to the inmate grievance resolution committee ("IGRC") for investigation and review. If the IGRC's decision is appealed, the inmate may appeal to the superintendent of the facility, and if the superintendent's decision is appealed, the Central Office Review Committee ("CORC") makes the final administrative determination. *See* 7 N.Y.C.R.R. § 701.7. In general, only upon exhaustion of these three levels of review may a prisoner seek relief pursuant to 42 U.S.C. § 1983 in federal court. *Porter v. Nussle*, 534 U.S. 516, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002); *Neal v. Goord*, 267 F.3d 116, 122 (2d Cir.2001); *Santos v. Hauck*, 242 F.Supp.2d 257 (W.D.N.Y.2003).

■ In support of their motion, defendants filed copies of grievance documents that establish that plaintiff filed Grievance A–37600–98 on September 18, 1998, concerning the incident with IGRC, which was forwarded to Attica's Superintendent for investigation and response. (Dkt.# 18, Ex. B). On October 5, 1998, after an internal investigation, the Superintendent sent plaintiff a response denying the grievance. *Id.* The Superintendent's response explains the basis for his decision and contains an appeal statement at the bottom informing plaintiff of his right to appeal and providing instructions as to how to do so. *Id.*

Defendants also filed the affidavit of Thomas G. Eagen, the Director of the

Inmate Grievance Program. Eagen states that CORC has no record that plaintiff filed an appeal with the CORC from Grievance A–37600–98. (Dkt.# 19). This is consistent with the grievance documents from the facility, which show that the appeal statement portion of the Superintendent's response was never completed. In light of this evidence, defendants have met their initial burden of proof that plaintiff failed to exhaust his administrative remedies.

Construing plaintiff's *pro se* responses liberally and interpreting them "to raise the strongest arguments that they suggest," *see Corcoran v. New York Power Auth.*, 202 F.3d 530, 536 (2d Cir.1999) (quotations omitted), I find that plaintiff has failed to raise an issue of fact regarding the exhaustion requirement. Plaintiff does not allege in his complaint that he appealed to the CORC or assert that his efforts to exhaust his remedies were hampered in any manner. (Dkt.# 1). In fact, plaintiff does not dispute that he never appealed the denial of his grievance to the CORC, and he does not offer any explanation for not having done so. Nor has he asserted any basis for equitable relief. Instead, plaintiff's motion response addresses only how his allegations of assault state a claim for relief under the Eighth Amendment. (Dkt.# 25).

## CONCLUSION

Defendants' motion to amend the answer and for summary judgment (Dkt.# 16) is granted, and the complaint is dismissed.

IT IS SO ORDERED.