Victor Keven THOMAS, Plaintiff,

v.

J. CASSLEBERRY, et al., Defendants.

No. 03–CV–6394L.

United States District Court,
W.D. New York.

April 13, 2004.

Victor Keven Thomas, Marcy, NY, pro se.

Charles D. Steinman, New York State Attorney General's Office, Department of Law, Rochester, NY, for Defendants.

## DECISION AND ORDER

LARIMER, District Judge.

Plaintiff, Victor Keven Thomas, appearing *pro se*, filed the complaint in this civil rights action on May 3, 2002. Plaintiff, an inmate in the custody of the New York State Department of Correctional Services ("DOCS"), alleges that on May 1, 1999, while plaintiff was confined at Southport Correctional Facility, defendant, James Casselberry, a correctional officer at Southport, assaulted plaintiff, after which Casselberry allegedly issued plaintiff a false disciplinary ticket. Plaintiff alleges claims under the Eighth and Fourteenth Amendments to the United States Constitution, pursuant to 42 U.S.C. § 1983.

Defendant has moved for summary judgment under Rule 56 of the Federal Rules of Civil Procedure, on the ground that plaintiff has not exhausted his administrative remedies as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a). For the reasons that follow, defendant's motion is granted.

## STATUTORY FRAMEWORK

Section 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under [section 1983] of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." New York State regulations provide for a three-step administrative review process. *See* 7 N.Y.C.R.R. § 701.7. First, "an inmate must submit a complaint to the Grievance Clerk within 14 calendar days of an alleged occurrence . . . ." 7 N.Y.C.R.R. § 701.7(a)(1). The grievance is then submitted to the inmate grievance resolution committee ("IGRC") for investigation and review. If the IGRC's decision is appealed, the inmate may appeal to the superintendent of the facility, and if the superintendent's decision is appealed, the Central Office Review Committee ("CORC") makes the final administrative determination. *See* 7 N.Y.C.R.R. § 701.7. In general, it is only after exhausting all three levels of the administrative review that a prisoner may seek relief pursuant to 42 U.S.C. § 1983 in federal court. *Neal v. Goord,* 267 F.3d 116, 122 (2d Cir.2001); *Santos v. Hauck,* 242 F.Supp.2d 257, 259 (W.D.N.Y.2003).

At the time of the alleged assault, the Court of Appeals for the Second Circuit had not yet ruled upon the issue of whether an inmate was required to exhaust his administrative remedies before bringing a claim for excessive force under § 1983. A year *after* the alleged assault, the Second Circuit held that the PLRA's exhaustion requirement did not apply to claims pertaining to isolated incidents affecting particular inmates. *See Nussle v. Willette,* 224 F.3d 95 (2d Cir.2000) (*"Nussle"*). The Supreme Court reversed the Second Circuit's decision in *Nussle* on February 26, 2002, holding that "§ 1997e(a)'s exhaustion requirement applies to all prisoners seeking redress for prison circumstances or occurrences." *Porter v. Nussle,* 534 U.S. 516, 520, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002) (*"Porter"*).

## FACTUAL BACKGROUND

On his form complaint, plaintiff answered "Yes" to the following question: "[D]id you present the facts relating to your complaint in [the prisoner] grievance program?" He stated that he "filed two grievances & investigated by Inspector Gen." He also stated that the grievance was "denied as not timely and/or not grievable issue." Complaint at 2.

Even though he answered "Yes" to that question, however, plaintiff answered the following question:

If your answer to 4(b) is NO:

Why did you choose to not present the facts relating to your complaint in the prison's grievance program?

Plaintiff answered, "at the time issue was not availabe [sic] thru procedures." Complaint at 3.

In addition, although plaintiff had stated that there was a grievance procedure at Southport, he answered "Yes" to the following question: "If there is no grievance procedure in your institution, did you complain to prison authorities about the facts alleged in your complaint?" Plaintiff stated that he "wrote Inspector General's office for interview w/I.G. McCormick," and that the final result was "willing to be called as a witness to the events." Complaint at 3.

## DISCUSSION

By his own admission, plaintiff did not timely file a grievance concerning the alleged assault. Plaintiff does not state exactly when he did eventually file a grievance, but he does state that this "was a step taken only to insure that the exhaustion requirement was attempted and it was at that time that no grievance was necessary to file a[sic] assault claim." Plaintiff's Response to Defendants' Motion (Docket # 28) ¶ 5.

Viewing the record in the light most favorable to plaintiff, the non-moving party, it appears that he filed a grievance about the alleged assault only after the Supreme Court declared in *Porter* that all inmate claims relating to prison conditions or events are subject to the exhaustion requirement. That does not satisfy the PLRA's exhaustion requirement.

■ First, the law in this circuit is established that *Porter*'s exhaustion requirement applies retroactively. *See Webb v. Goord,* 340 F.3d 105, 112 (2d Cir.2003), *cert. denied,* — U.S. —, 124 S.Ct. 1077, 157 L.Ed.2d 897 (2004); *Lawrence v. Goord,* 304 F.3d 198, 200 (2d Cir.2002) (per curiam). Second, this is not a case where the plaintiff detrimentally relied upon the Second Circuit's holding in *Nussle,* before it was reversed in *Porter. Cf. Jenkins v. Raub,* 310 F.Supp.2d 502, 2004 WL 614562, at *4 n. 2 (W.D.N.Y. Feb.9, 2004) (noting that "at all times relevant to this lawsuit [*i.e.,* in 1991], the law in this circuit was that plaintiff was not required to exhaust his administrative remedies before bringing a claim for excessive force under § 1983").

■ Rather, since the alleged assault here occurred before *Nussle* was decided, plaintiff could not have relied upon it to his detriment. Under these circumstances, "[c]ourts in this Circuit have repeatedly rejected this argument and held that claims filed prior to the Court's decision in *Nussle* must meet the exhaustion requirements." *Evans v. Jonathan,* 253 F.Supp.2d 505, 507 n. 2 (W.D.N.Y.2003); *see, e.g., Santos,* 242 F.Supp.2d at 260; *Espinal v. Goord,* No. 01 Civ. 6569 (NRB), 2002 WL 1585549, at *2 n. 3 (S.D.N.Y. July 17, 2002) ("the broad exhaustion requirement announced in [*Porter*] applies with full force" to litigants who filed complaints before *Porter* was decided); *Hemphill v.*

*New York,* 198 F.Supp.2d 546, 550 (S.D.N.Y.2002) (noting that "the equities here would not favor Hemphill" because his claims arose before the Second Circuit's decision in *Nussle* ); *Byas v. State,* No. 99 Civ. 1673 (NRB), 2002 WL 1586963 (S.D.N.Y. July 17, 2002) (plaintiff's complaint dismissed where he filed institutional grievance five years after the incident and three years after commencement of the lawsuit). Since plaintiff has not shown any reason why the untimeliness of his grievance should be excused, he has not satisfied the PLRA's exhaustion requirement.

■ Plaintiff also contends that the Court should deny defendants' motion because he complained to the DOCS Inspector General's Office. Plaintiff contends that the Court should order defendants to provide plaintiff with discovery about whether this "informal" complaint satisfied the exhaustion requirement.

In support of that assertion, plaintiff cites *Perez v. Blot,* 195 F.Supp.2d 539, 544–46 (S.D.N.Y.2002). In *Perez,* however, after the inmate plaintiff complained about the incident giving rise to his suit to numerous correctional officials, an exhaustive internal investigation was conducted by the Inspector General's Office, as a result of which the Inspector General's Office purportedly concluded that some or all of the defendants in the later federal action had used excessive force, and allegedly referred the matter for further investigation to the New York State Police Bureau of Criminal Investigation. Upon further investigation, the state police allegedly referred the matter to the local district attorney's office for prosecution of the correctional officers involved. The court granted the plaintiff's discovery request, relying in part upon the Second Circuit's decision in *Marvin v. Goord,* 255 F.3d 40, 43 n. 3 (2d Cir.2001), in which

the court held that the resolution of a grievance "through informal channels satisfies the exhaustion requirement, as under the administrative scheme applicable to New York prisoners, grieving through informal channels is an available remedy."

In reaching its decision, however, the district court in *Perez* noted that "[i]n *Marvin,* the Second Circuit explained that the plaintiff's "submissions indicate that he *succeeded* in overturning the prohibition [in question] informally by complaining to various correctional officials." " *Perez,* 195 F.Supp.2d at 545 (quoting *Marvin,* 255 F.3d at 43) (emphasis added). The court added that "[a]s in *Marvin,* the Plaintiff here also contends that he successfully obtained as favorable a resolution to his grievance as possible after he complained about the assault to 'correctional officials.' " *Id.*

■ Both *Perez* and *Marvin,* then, merely stand for the proposition "that a grievance through informal channels satisfies the exhaustion requirement if the prisoner thereby obtained a favorable resolution of his grievance." *Nelson v. Rodas,* No. 01CIV7887RCCAJP, 2002 WL 31075804, at *3 n. 9 (S.D.N.Y. Sept.17, 2002). Plaintiff has presented no evidence, nor has he even alleged, that his complaints to the Inspector General's Office resulted in a finding favorable to him.

## CONCLUSION

Defendants' motion for summary judgment (Docket # 22) is granted, and the complaint is dismissed.

IT IS SO ORDERED.