**Eddie James LEE, Plaintiff–Appellant,**

v.

**Hans WALKER, Superintendent, Auburn Correctional Facility, Glenn S. Goord, Commissioner & George E. Pataki, Governor, New York State, Defendants–Appellees.**

Docket No. 02–0288.

United States Court of Appeals, Second Circuit.

March 9, 2005.

Eddie James Lee, Moravia, NY, for Appellant, pro se.

Eliot Spitzer, Attorney General of the State of New York (Daniel Smirlock, Deputy Solicitor General, Andrea Oser, Assistant Solicitor General, of counsel), Albany, NY, for Appellees.

PRESENT: NEWMAN, SACK, and SOTOMAYOR, Circuit Judges.

### SUMMARY ORDER

Eddie James Lee, Sr., *pro se,* filed a 42 U.S.C. § 1983 action against defendants-appellants alleging that they caused him to

be exposed to second-hand smoke while incarcerated, thereby violating his constitutional rights. The district court dismissed his case for failure to exhaust administrative remedies. Lee appeals. For the reasons stated by the district court, we affirm.

Under the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." A prisoner's complaint regarding exposure to second-hand smoke is a prison condition for which exhaustion of administrative remedies is required. *See Giano v. Goord,* 380 F.3d 670, 672 (2d Cir.2004); *Gibson v. Goord,* 280 F.3d 221, 224 (2d Cir.2002).

We have held that "there are certain 'special circumstances' in which, though administrative remedies may have been available . . ., the prisoner's failure to comply with administrative procedural requirements may nevertheless have been justified." *Giano,* 380 F.3d at 676. In his pleadings submitted to the district court, Lee did not allege any such special circumstances. Accordingly, Lee's admitted failure to exhaust his administrative remedies warranted the district court's dismissal of his claim.

For the foregoing reasons, we AFFIRM the judgment of the District Court.