Melendez v. Wilson

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to summary orders filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Richard C. Lee United States Courthouse, 141 Church Street, in the City of New Haven, Connecticut, on the 27ᵗʰ day of April, two thousand twelve.

PRESENT:

GUIDO CALABRESI,
JOSÉ A. CABRANES,
DENNY CHIN,
*Circuit Judges.*

---

MICHAEL MELENDEZ,

*Plaintiff-Appellant,*

v.

11-322-pr(L),
11-1699-pr(con)

CHARLES GREINER, *et al.*,

*Defendants,*

TERRANCE L. WILSON, *et al.*,

*Defendants-Appellees.*

---

| | |
|---|---|
| **FOR PLAINTIFF-APPELLANT:** | Michael Melendez, *pro se*, Collins, NY. |
| **FOR DEFENDANTS -APPELLEES:** | David Lawrence III, Assistant Solicitor General (Barbara D. Underwood, Solicitor General, Michael S. Belohlavek, Senior Counsel, *of counsel*), *for* Eric T. Schneiderman, Attorney General of the State of New York, New York, NY. |

Appeal from a judgment and order of the United States District Court for the Southern District of New York (P. Kevin Castel, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment and order of the district court are **AFFIRMED**.

Appellant Michael Melendez appeals the District Court's dismissal of several claims in his 42 U.S.C. § 1983 complaint as time-barred, dismissal of several defendants based on the lack of timely service, and denial of two Federal Rule of Civil Procedure 60(b) motions for reconsideration. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review *de novo* a district court's dismissal of a complaint for failure to state a claim upon which relief can be granted, Fed. R. Civ. P. 12(b)(6), accepting all well-pleaded, factual allegations in the complaint as true and drawing all inferences in favor of the plaintiff, *see, e.g.*, *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007). To survive a motion to dismiss brought pursuant to Rule 12(b)(6), the pleadings must contain "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (holding that a claim will have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"). A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,' . . . [n]or does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

The denial of a Rule 60(b) motion is reviewed for "abuse of discretion." *See Johnson v. Univ. of Rochester Med. Ctr.*, 642 F.3d 121, 125 (2d Cir. 2011); *see also Sims v. Blot*, 534 F.3d 117, 132 (2d Cir. 2008) (explaining the term of art "abuse of discretion"). A district court abuses its discretion "when (1) its decision rests on an error of law or a clearly erroneous factual finding; or (2) cannot be found within the range of permissible decisions." *Johnson*, 642 F.3d at 125.

The applicable statute of limitations for a § 1983 action arising in New York State is three years. *See Shomo v. City of N.Y.*, 579 F.3d 176, 181 (2d Cir. 2009). Although the question of when a § 1983 action accrues is determined by federal law, *see Wallace v. Kato*, 549 U.S. 384, 388 (2007), federal courts borrow a state's "tolling rules," unless applying the state's tolling rules would defeat the goals of the federal statute at issue. *See Abbas v. Dixon*, 480 F.3d 636, 641 (2d Cir. 2007).

Melendez originally argued in his opposition to the defendants' motion to dismiss that the three-year statute of limitations should be tolled based on the New York doctrine of "duress tolling." Under the doctrine of duress tolling, the limitations period is tolled where the underlying tort has duress as an element of the offense, and the tortious conduct "persist[s] as a 'continuous

wrong.'" *Overall v. Estate of Klotz*, 52 F.3d 398, 404-05 (2d Cir. 1995). Melendez also argued that the defendants should be equitably estopped from asserting a statute of limitations defense based on the defendants' alleged ongoing misconduct, which purportedly prevented Melendez from filing suit for over twelve months.

An independent review of the record and relevant case law reveals that the District Court properly found that neither duress tolling nor equitable estoppel serves to preserve Melendez's claims. To the extent Melendez appeals the District Court's dismissal of his claims as time-barred based on the foregoing arguments, we affirm for substantially the reasons stated by the District Court in its September 12, 2006 decision. *See Melendez v. Wilson*, No. 04 Civ. 0073, 2006 WL 2621083 (S.D.N.Y. Sept. 12, 2006). Given our determination that the District Court did not err in dismissing Melendez's claims as time-barred, it is not necessary to reach Melendez's arguments regarding the propriety of the District Court's dismissal of several defendants based on the lack of timely service, because, even assuming *arguendo* that the District Court had erred in dismissing the defendants, the defendants' reinstatement would not change the time-barred nature of Melendez's claims. *See Abbas*, 480 F.3d at 642.

Melendez's arguments on appeal, which are substantively identical to the arguments raised in his two motions for reconsideration before the District Court, are unavailing. Melendez argues that the three-year statute of limitations should have been tolled during the pendency of various administrative investigations arising out of his filing of "informal" grievances regarding the events underlying his claims, and that the purportedly newly-discovered evidence he had presented in support of this tolling argument warranted reconsideration of the District Court's September 12, 2006 decision.

This Court has recently held that the statute of limitations for a § 1983 action "must be tolled while a prisoner completes the mandatory exhaustion process" set out in 42 U.S.C. § 1997e(a). *Gonzalez v. Hasty*, 651 F.3d 318, 323-24 (2d Cir. 2011) (internal citation and quotation marks omitted). The statute of limitations, however, is *only* tolled during the period when a prisoner is "actively exhausting" his administrative remedies. *See id.* at 322 n.2. The record reflects that Melendez did not "actively" exhaust his administrative remedies. It follows that the statute of limitations was not tolled in this case. Moreover, the "newly-discovered evidence" Melendez provided in support of his second motion for reconsideration does not affect the preceding analysis. Accordingly, the District Court did not err in denying Melendez's second motion for reconsideration.

3

***CONCLUSION***

We have considered all of Melendez's arguments, and find them to be without merit. Accordingly, the judgment and order of the District Court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk