*Middlebrooks v. Bradt et al.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of December, two thousand nineteen.

Present:     BARRINGTON D. PARKER,
             DEBRA ANN LIVINGSTON,
             JOSEPH F. BIANCO,
                  *Circuit Judges.*

_____

CURTIS MIDDLEBROOKS,

          *Plaintiff-Appellant,*

          v.                                          18-1561

M. BRADT, Superintendent, Attica Correctional Facility, SZRAMKA, Correctional Officer, BERRY, Correctional Officer, GREGG, Correctional Officer, PAGE, Correctional Officer, LOWINSKI, Correctional Sergeant, BROWN, Correctional Sergeant,

          *Defendants-Appellees.*[*]

_____

For Plaintiff-Appellant:     VALDI LICUL (Yannick A. Grant, on the brief), Vladeck, Raskin & Clark, P.C., New York, NY

For Defendant-Appellee:      JENNIFER L. CLARK, Assistant Solicitor General (Barbara D. Underwood, Solicitor General, Jeffrey W.

---

[*] The Clerk of Court is respectfully directed to amend the caption as set forth above.

Lang, Deputy Solicitor General, *on the brief*), *for* Letitia James, Attorney General, New York, NY.

Appeal from a judgment of the United States District Court for the Western District of New York (Arcara, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Curtis Middlebrooks ("Middlebrooks") appeals from a May 4, 2018 order of the United States District Court for the Western District of New York (Arcara, *J.*) denying his motion for reconsideration of a March 22, 2018 opinion and a March 23, 2018 judgment granting summary judgment in favor of Defendants as to the entirety of Middlebrooks's complaint under 42 U.S.C. § 1983 for deprivation of his First and Eighth Amendment rights.[1]   We review grants of summary judgment *de novo*, "construing the facts in the light most favorable to the non-moving party and drawing all reasonable inferences in that party's favor." *Burns v. Martuscello*, 890 F.3d 77, 83 (2d Cir. 2018).   We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Beginning on June 17, 2011, Middlebrooks, an inmate at Attica Correctional Facility ("Attica"), was subject to a Therapeutic Diet Order which granted him feed in cell ("FIC") status, "a medical designation designed to allow inmates who cannot attend mess hall, due to a physical condition or ailment, to be fed in their cell."   J.A. 360.   Middlebrooks testified that his FIC order was unrelated to a physical inability to walk to the mess hall, and record evidence indicates that he was able to walk to the mess hall throughout the relevant time period.   Based

---

[1] In light of Middlebrooks's *pro se* status before the district court and his clear intention to appeal the district court's prior grant of summary judgment, we liberally construe his notice of appeal as an appeal of both the denial of reconsideration and the judgment.   *See Marvin v. Goord*, 255 F.3d 40, 42 n.1 (2d Cir. 2001).

on a determination that Middlebrooks had no medical reason to receive FIC meals, Dr. Abbasey, an Attica physician, rescinded the FIC memorandum on August 15, 2011. Middlebrooks acknowledges receiving the rescission memorandum; however, he maintains that it was forged because the copy he received bore only Dr. Abbasey's signature and no stamp. At all times within the relevant period, Middlebrooks's meals were available to him in the mess hall.

In July 2011, while Middlebrooks's FIC designation was still active, Middlebrooks testified that he did not receive approximately ten FIC meals. On August 1, 2011, Middlebrooks filed the first of three inmate grievances regarding the denial of meals. The Inmate Grievance Program ("IGP") Superintendent (the "Superintendent") denied the grievance on August 26, 2011, and Middlebrooks did not appeal the denial. Subsequently, between August 13 and September 4, 2011, Middlebrooks testified that he was not given approximately thirty meals. Middlebrooks filed a second grievance regarding additional missed meal deliveries on September 1, 2011. On September 16, 2011, the Superintendent denied this grievance. Middlebrooks appealed the denial to the next level of review, the IGP Central Office Review Committee ("CORC"). On January 18, 2012, CORC denied the appeal. Between January 3 and January 24, 2012, Middlebrooks testified that he was again deprived of meals, estimating that he did not receive approximately thirty meals. He filed his third and final grievance as to these missed meals on January 24, 2012. The Superintendent denied the grievance on February 16, 2012. Middlebrooks appealed to CORC, noting in his appeal statement a date of February 20, 2012. In a November 2, 2012 letter responding to Middlebrooks's inquiry regarding his appeal to CORC, Karen Bellamy ("Bellamy"), the IGP Director, stated that Middlebrooks "did not appeal until April 2012" and that he had been "sent a letter dated April 9, 2012 that indicated the appeal was not filed within the timeframes" required

3

for proper exhaustion of his administrative remedies. J.A. 43. Middlebrooks acknowledged in his testimony that he received the April 9, 2012 letter. J.A. 438. Nearly three years later, on September 14, 2015, Middlebrooks wrote to CORC, stating that Bellamy's position that he did not appeal until April 2012 was incorrect and pointing out that the top of the appeal form stated "sent to CORC 2/20." J.A. 45. Subsequently, Middlebrooks filed suit pursuant to 42 U.S.C. § 1983 (the "Complaint") against Attica Superintendent Bradt; Correctional Officers Szramka, Berry, Gregg, Page, and Victor; and Correctional Sergeants Lowinski and Brown (together, "Defendants"), alleging deprivations of his Eighth Amendment and First Amendment rights. The parties dispute the date on which the Complaint was filed, with Middlebrooks maintaining that the Complaint was effectively filed on November 2, 2015, and Defendants arguing that Middlebrooks did not submit the Complaint to be mailed until December 10, 2015.

Defendants argue that the district court's entry of summary judgment in their favor should be affirmed, *inter alia*, on the basis that none of Middlebrooks's claims are timely. Though the district court did not rely upon this ground, "[i]t is well-settled that we may affirm on any grounds for which there is a record sufficient to permit conclusions of law, including grounds not relied upon by the district court." *Holcomb v. Lykens*, 337 F.3d 217, 223 (2d Cir. 2003) (citation omitted). We agree with Defendants that, regardless of whether the Complaint was filed in November or December 2015, the claims are untimely, and therefore affirm.

The statute of limitations for claims brought under Section 1983 is governed by state law, and, in this case, is the three-year period for personal injury actions under New York law. *See Ormiston v. Nelson*, 117 F.3d 69, 71 (2d Cir. 1997). The limitations period "must be tolled while a prisoner completes the mandatory exhaustion process" under the Prison Litigation Reform Act ("PLRA"). *Gonzalez v. Hasty*, 651 F.3d 318, 323–24 (2d Cir. 2011) (citation

4

omitted). "The statute of limitations, however, is *only* tolled during the period when a prisoner is 'actively exhausting' his administrative remedies." *Melendez v. Greiner*, 477 F. App'x 801, 803 (2d Cir. 2012) (quoting *Gonzalez*, 651 F.3d at 322 n.2).

Middlebrooks argues that his claims were timely because his lawsuit was filed on November 2, 2015, exactly three years after the date of the letter from Bellamy stating that CORC had previously denied the appeal of Middlebrooks's third grievance as untimely. However, the record shows that Middlebrooks was no longer "actively exhausting" his administrative remedies as of April 9, 2012, when CORC informed him by letter that his third grievance had been denied as untimely.[2] *Gonzalez*, 651 F.3d at 324. The April 9, 2012 date is reflected in Bellamy's November 2, 2012 letter, and Middlebrooks acknowledged in his testimony that he received the April 9, 2012 letter. Because, on the record before the Court, there is no genuine dispute that tolling of Middlebrooks's claim ended on April 9, 2012 and his lawsuit was filed more than three years later in either November or December 2015, summary judgment in favor of Defendants is warranted on the basis that his claims are untimely.

We have considered Middlebrooks's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[2] On appeal, Middlebrooks argues that Defendants are bound to their position, maintained at earlier stages of this litigation, that November 2, 2012 was the date of the final administrative action on Middlebrooks's third grievance. However, the position taken by a party prior to discovery, where testimony during discovery further developed the factual record, cannot bind this Court to an erroneous view as to the administrative tolling period—a mixed question of law and fact. Moreover, the parties have had ample notice and opportunity to be heard on the question in the wake of the magistrate judge's April 17, 2017 Report and Recommendation, which first raised the possibility that the third grievance was administratively final as of April 9, 2012.